## COMMONWEALTH *vs.* JAMES M. RANDALL.

No. 99-P-313.

Barnstable. June 8, 2000. - August 21, 2000.

Present: PORADA, GILLERMAN, & LAURENCE, JJ.

*Evidence,* Hearsay. *Practice, Criminal,* Argument by prosecutor, Instructions to jury. *Breaking and Entering.*

At the trial of a criminal case, the judge incorrectly allowed in evidence hearsay testimony from a police officer that the defendant was the owner of a vehicle, and the prosecutor improperly argued the evidence substantively; where the error could not be said to be nonprejudicial, the defendant was entitled to a new trial. [27-28]

INDICTMENTS found and returned in the Superior Court Department on October 21, 1997.

The cases were tried before *Richard F. Connon,* J.

*Daniel Bennett* for the defendant.

*Linda A. Wagner,* Special Assistant District Attorney, for the Commonwealth.

PORADA, J. From his convictions of larceny in a building and breaking and entering in the nighttime with the intent to commit a felony, the defendant appeals, claiming that a Superior Court judge erred in admitting hearsay evidence and in the instructions to the jury on the elements of breaking and entering with intent to commit a felony. The defendant also claims that the prosecutor in his closing argument impermissibly commented on the failure of the defendant to present evidence. We reverse.

We summarize the relevant evidence. At 1:30 A.M., Arthur Anderson observed a man in a white van with the word "locksmith" painted in red on its side drive by Drake's Petroleum (Drake's) in Hyannis several times. Anderson saw the man park the van on the street and enter Drake's. Anderson then went to a phone booth and alerted police that someone had broken into Drake's. In the meantime, in entering Drake's the

man had set off an alarm, triggering a response by the police. Officer Mark Palmer of the Barnstable police department was dispatched to the scene. On his way, he saw a van matching the description given to him by the police dispatcher and began to pursue it. Although Palmer had his siren, wigwag lights, and emergency blue lights on, the van failed to stop. When the van attempted to make a three-point turn, Palmer ordered the van to pull over and, with his alley light illuminating the van, saw the driver's face for about five seconds. The van sped away and eventually ended up in some woods. The driver fled and was not apprehended at that time. In the van the police found twenty cartons of cigarettes which had been taken from Drake's. Palmer ran a check of the license plate number with the Registry of Motor Vehicles and learned that the van was owned by the defendant. Palmer then obtained a photograph of the defendant but was unsure that the photograph depicted the driver of the van. About a month later, he was shown a photographic array which contained a more recent photograph of the defendant. Palmer identified the defendant in that array as the driver of the van, resulting in the defendant's arrest.

Over the defendant's objection, Palmer was permitted to testify that a registry check of the license plate on the van indicated that the van belonged to the defendant. The defendant argues that this testimony was impermissible hearsay[1] and its admission constituted prejudicial error. Cf. *Canney* v. *Carrier*, 333 Mass. 382, 383 (1955) (a letter from the registry containing answers to specific questions asked about the ownership and description of an automobile with a specified registration number constituted hearsay and did not fall within any recognized exception to the hearsay rule). The Commonwealth counters that the testimony was not hearsay because it was not offered for the truth of the statement but to explain the state of knowledge possessed by the police. See *Commonwealth* v. *Rosario*, 430 Mass. 505, 506-511 (1999), for a discussion of admissibility of evidence to show the state of police knowledge.

Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. *Commonwealth* v. *Cohen*, 412 Mass. 375, 393 (1992). While arguably the testimony here

[1]Pursuant to G. L. c. 90, § 30, certified copies of the records of the registry, attested by the registrar or by an authorized agent, are admissible as evidence in any court of the Commonwealth to prove the facts contained therein.

may have been admissible to explain why Palmer looked at a photograph of the defendant immediately after his pursuit of the van, his testimony could not be used to establish that the van was registered to the defendant. *Commonwealth* v. *Rosario*, 430 Mass. at 508-509. In spite of the Commonwealth's argument that it was used only to explain the state of the officer's knowledge and his conduct, the prosecutor's closing argument belies this contention. In the prosecutor's closing, he said:

> "What links this defendant as the Commonwealth alleges to these crimes? Well, I suggest to you, first of all, and first and foremost — and this is the one issue that defense can't get around in this case — it was his van that was used to commit this crime."

This argument is clearly an impermissible substantive use of Palmer's testimony about the ownership of the van. In these circumstances, we cannot say that the Commonwealth did not intend to use the testimony for substantive purposes rather than to explain Palmer's conduct. Cf. *Commonwealth* v. *Rosa*, 412 Mass. 147, 156-158 (1992) (prosecutor's argument in closing that testimony admitted for the limited purpose of impeachment was evidence supporting an eyewitness identification was an impermissible use of the testimony for substantive purposes and constituted reversible error). As such, the testimony and the prosecutor's use of it in closing argument constituted error.

Whether the error warrants reversal of the conviction, however, depends on an additional determination: an error is nonprejudicial only if one can say with fair assurance that the admission of this evidence and its use for substantive purposes "did not influence the jury, or had but very slight effect." *Commonwealth* v. *Flebotte*, 417 Mass. 348, 353 (1994). In view of the prosecutor's argument that the defendant's ownership of the van was the one fact that the defendant could not overcome and the prosecutor's use of this testimony to bolster Palmer's identification of the defendant, made some thirty days after the crime and subsequent to his inability to make a positive identification of the defendant from a photograph immediately after the crime, we cannot say with fair assurance that the admission of this evidence and the prosecutor's use of it in closing argument did not influence the jury or had but very slight effect. *Ibid.* The defendant is entitled to a new trial.

We comment briefly on the defendant's other claims of error

that may arise in the event of a retrial. The defendant argues that the prosecutor's comment in closing argument that there was no "evidence presented to you that Mr. Randall had reported his van stolen earlier that evening" was error because it constituted a comment on the failure of the defendant to present evidence. Ordinarily, it is improper for a prosecutor to comment on the failure of the defense to present certain evidence. *Commonwealth* v. *Smith*, 404 Mass. 1, 7 (1989). However, it is not prejudicial error to allow a prosecutor to correct an erroneous impression for which the defendant is responsible. *Ibid.* Here, it is debatable whether the comment was warranted in light of defense counsel's suggestion in his closing argument that the Commonwealth may have withheld evidence as to the ownership of the van and the identity of the driver. Because the question is a close one and the remark, in our opinion, can be viewed as a comment on the failure of the defendant to present evidence, it would be best left unsaid in the event of a retrial.

The defendant also argues that the judge failed to instruct the jury that the Commonwealth must establish that the defendant had the intent to commit a felony at the time he broke into the building. We agree with the defendant that the judge's instructions regarding proof of this element were not a model of clarity. Although the judge did in fact instruct the jury that the Commonwealth must establish that the defendant had the specific intent to commit the felony at the time of the breaking, he subsequently instructed them, "If you conclude that the defendant intended to commit a felony after entering the building, I instruct you as a matter of law larceny within a building is a felony." See *Commonwealth* v. *Sollivan*, 40 Mass. App. Ct. 284, 287 (1996). On retrial, the judge should be careful to instruct that, in order for the jury to find the defendant guilty of breaking and entering in the nighttime with intent to commit a felony, the Commonwealth must prove that the defendant had the specific intent to commit a felony at the time of the breaking.

*Judgments reversed.*

*Verdicts set aside.*