COMMONWEALTH *vs.* JOHN K. POFF.

No. 01-P-654.

Nantucket. June 10, 2002. - October 4, 2002.

Present: GREENBERG, MASON, & GREEN, JJ.

*Practice, Criminal,* Instructions to jury, Sentence, Assistance of counsel. *Breaking and Entering. Intent. Indecent Assault and Battery. Constitutional Law,* Double jeopardy, Assistance of counsel.

At a criminal trial, the judge's instruction to the jury on the requirement, for the charge of breaking and entering, of intent at the time of entry to commit a felony once inside which mirrored instruction 5.31 of the Model Jury Instructions for Use in the District Court (1995), was error requiring reversal where, by reason of the ambiguity in the instruction as to when the intent must be formed, the jury may well have been confused about the requirement. [203-205]

Evidence at a criminal trial, although not overwhelming, was sufficient to permit a properly instructed jury to infer that the defendant intended at the time of entry of the victim's house to commit an indecent assault and battery once inside. [205]

There was no merit to a criminal defendant's contentions that the imposition of consecutive sentences for convictions on a certain two offenses violated principles of double jeopardy, or that the defendant's trial counsel was ineffective in his representation of the defendant. [205]

COMPLAINT received and sworn to in the Nantucket Division of the District Court Department on December 20, 1999.

The case was tried before *Joseph I. Macy*, J.

*Lenore M. Glaser* for the defendant.

*Robert J. Galibois, II*, Assistant District Attorney, for the Commonwealth.

GREEN, J. Following a trial in the District Court, a jury of six convicted the defendant on charges of indecent assault and battery on a person over the age of fourteen, G. L. c. 265, § 13H, and breaking and entering in the nighttime with intent to commit a felony, G. L. c. 266, § 16. The defendant was sentenced

to consecutive terms of two and one-half years in a house of correction for each offense. On appeal, the defendant contends that (i) the trial judge erroneously instructed the jury on the requirement, for the charge of breaking and entering, of intent at the time of entry to commit a felony once inside; (ii) the evidence of the defendant's intent was insufficient to support a conviction for breaking and entering; (iii) the imposition of consecutive sentences for the two convictions violates principles of double jeopardy; and (iv) the defendant's trial counsel was ineffective in his representation of the defendant at trial.[1] Because we conclude that the jury instruction may well have left the jury confused about the requirement of the defendant's intent at the time he entered the victim's home, we reverse the conviction on the breaking and entering charge.

The evidence at trial was to the following effect. At around 9:30 P.M. on December 17, 1999, the defendant joined a group drinking at a Nantucket bar. The group included the victim and her live-in boyfriend of four and one-half years, Gary Dineen. The defendant, the victim, and Dineen all came from Ireland, and the defendant and Dineen both came from the same small town in Ireland; the three were acquainted with each other.[2] At approximately 11:00 P.M., the victim decided to go home, leaving Dineen at the bar in conversation with the defendant and two other men. The defendant testified that, before leaving, the victim suggested that he "call around to the house later on." Once home, the victim went to bed, but later awoke to find the defendant (who had entered the house through an unlocked

---

[1]At oral argument, the defendant's appellate counsel withdrew a fifth claim: that the trial judge should have instructed the jury, as trial counsel requested, on mistake of fact as a defense to the element of specific intent.

[2]There was conflicting testimony regarding the degree of their prior social interaction, the defendant claiming a closer friendship than the victim. Among other conflicts, the defendant testified that during the afternoon of December 17, he drank beer and smoked marijuana with the victim and Dineen at the apartment the latter pair shared; that, while helping Dineen pick up a television set later that afternoon, the victim sat on the defendant's lap in a van and rubbed his thigh and penis; and that the victim and Dineen invited the defendant to join them and other partygoers later that evening at the bar. The victim denied being in the van with the defendant, denied drinking beer or smoking marijuana with him during the afternoon, and testified that no one invited the defendant to the party; he just showed up.

door) rubbing her breasts and legs, and kissing her neck.[3] The victim pushed the defendant away, ran downstairs, and telephoned friends for help.

The defendant's challenge to the jury instruction relies principally on an ambiguity in the formulation prescribed by Instruction 5.31 of the Model Jury Instructions for Use in the District Court (1995), on which we commented in *Commonwealth* v. *Randall*, 50 Mass. App. Ct. 26, 29 (2000).[4] Under that instruction, the element requiring that entry occur with intent to commit a felony is explained as follows: "If you conclude that the defendant intended to commit _____ (or _____) *after entering* the (building) (ship) (vessel) (vehicle), I instruct you as a matter of law that (that offense) (any of those offenses) would be a felony" (emphasis added). The sentence structure does not clearly determine whether the word "after" modifies "intended" or "to commit." In other words, the instruction could be construed to direct conviction on breaking and entering if, after entering the building, the defendant developed the intent to commit a felony. To the contrary, case law establishes that the intent to commit a felony must be present at the time of the breaking and entering. See *Commonwealth* v. *Wygrzywalski*, 362 Mass. 790, 792 (1973); *Commonwealth* v. *Lauzier*, 53 Mass. App. Ct. 626, 629 (2002). Though the intent to commit a felony at the time of entry may be inferred from the commission of a felony once inside, see *Commonwealth* v. *Claudio*, 418 Mass. 103, 118 (1994), if construed to include felonious intent developed after entry the model instruction would convert that permissible inference to a compulsion at odds with the case law. The judge's instruction in the present case (the pertinent portions of which we set out in the margin)[5] mirrored the model instruction, with its attendant

---

[3]Dineen was not with the victim, having fallen asleep in his van before returning home.

[4]The Commonwealth correctly observes that the discussion of the jury instruction in *Commonwealth* v. *Randall, supra,* was dicta, as the reversal in that case rested on other grounds. However, the status of the comment as dicta does not diminish the effect of the ambiguity.

[5]"Now, the third element of the offense is that the defendant broke in with the intent to commit a felony. In this Commonwealth, offenses for which a

ambiguity; we conclude that it was erroneous.[6] As the defendant did not object to the instruction, we consider whether the error posed a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967).[7] "When an error 'pertains to the definition given to the jury of the crime charged, the possibility of a substantial risk of a miscarriage of justice is inherent.' " *Commonwealth* v. *Cowans*, 52 Mass. App. Ct. 811, 820 (2001), quoting from *Commonwealth* v. *Hall*, 48 Mass. App. Ct. 727, 730 (2000).

On our review of the record, we conclude that such a risk is present. As a threshold matter, we note that the evidence of the defendant's intent at the time of entry, though sufficient to support conviction by a properly instructed jury, was not overwhelming by any means. The defendant claimed, in his testimony, that he believed the victim had invited him to come to the house, that he knocked on the door before entering, that he saw a light upstairs and followed it to the victim's room, that the victim was awake when he entered the room, and that he asked the victim for some marijuana before sitting down on the bed with her.[8] Neither counsel addressed the topic of the

person may be sentenced to [S]tate prison are called felonies, and other lesser included offenses or other lesser offenses are called misdemeanors. The Commonwealth is not required to prove that the defendant intended to commit any particular felony, but it must prove that the defendant intended to commit some felony. Now in this case, I'm going to instruct you that indecent assault and battery is a felony and if you conclude that the defendant intended to commit an indecent assault and battery after entering the building, I instruct you as a matter of law, that that offense would be a felony."

[6]The first sentence of the quoted instruction suggests that felonious intent must be present at the time of the break-in. However, the ambiguity enters the picture at a later point, and during more specific instruction on the question. Though it is arguable that the instruction, read in its entirety, would not necessarily mislead the jury, we conclude that the later, more detailed but ambiguous instruction could likely have obscured the matter before the jury.

[7]We reject the defendant's contention, on appeal, that trial counsel was ineffective for failing to object to the instruction; the ambiguity in the model instruction was first pointed out in *Commonwealth* v. *Randall*, *supra*, which issued five days after trial of the instant matter concluded. In measuring effectiveness of counsel, we do not require clairvoyance. *Commonwealth* v. *Amirault*, 424 Mass. 618, 639 (1997).

[8]There is no basis for the Commonwealth's assertion, in its brief, that the jury rejected the defendant's claim that he entered the residence merely to "be with" the victim.

defendant's intent at the time of entry in his opening statement or closing argument. In addition, during their deliberations the jury asked the trial judge for a copy of G. L. c. 266, § 16; the trial judge properly declined that request and instead repeated the instruction on the elements of breaking and entering in substantially the same form as first given. We conclude that, by reason of the ambiguous instruction, the jury may well have been confused about the requirement of the defendant's intent at the time of entry, and accordingly we reverse the judgment of conviction on the breaking and entering charge.[9]

The defendant's remaining arguments require only brief discussion. As just observed, the evidence, though not overwhelming, was sufficient to permit a properly instructed jury to infer that the defendant intended at the time of entry to commit an indecent assault and battery once inside, particularly if they chose to disbelieve the defendant's account of events. The imposition of separate sentences for the two offenses does not violate double jeopardy principles, as each of the two offenses contains an element that the other does not. See *Commonwealth* v. *Arriaga*, 44 Mass. App. Ct. 382, 385 (1998), citing *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871).[10] Finally, the alleged deficiencies of trial counsel, viewed separately or in aggregate, were not such as to render his representation of the defendant constitutionally ineffective.

On the charge of indecent assault and battery, the judgment is affirmed. On the charge of breaking and entering in the nighttime with intent to commit a felony, the judgment is reversed, and the verdict is set aside.

*So ordered.*

---

[9]An instruction modified to remove the ambiguity could read as follows:

> In this case, the Commonwealth has proceeded on the theory that the defendant intended to commit indecent assault and battery. If you conclude that at the time the defendant entered the building the defendant intended to commit indecent assault and battery once inside the building, I instruct you as a matter of law that indecent assault and battery is a felony.

[10]The actions of the defendant similarly were not "so closely related in fact as to constitute in substance but a single crime." *Commonwealth* v. *Morin*, 52 Mass. App. Ct. 780, 787-788 (2001).