## COMMONWEALTH *vs.* NORMAN ELLIS.

No. 10-P-419.

Suffolk. January 18, 2011. - April 25, 2011.

Present: BERRY, WOLOHOJIAN, & HANLON, JJ.

*Motor Vehicle,* Operating under the influence. *Constitutional Law,* Confrontation of witnesses. *Evidence,* Court record, Business record, Prior conviction, Identification. *Identification. Practice, Criminal,* Confrontation of witnesses, Assistance of counsel.

Discussion of the admissibility, even absent confrontation, of certified court records of conviction under the business records exception to the rule against hearsay. [332-333]

At the trial of a criminal complaint charging the defendant with operation of a motor vehicle while under the influence of alcohol, fourth offense, the admission in evidence of a certification of probation information, without testimony from the probation official who created the document, violated the defendant's constitutional right to confront witnesses against him, where the record did not qualify as a nontestimonial business record, but rather had every appearance of having been prepared in anticipation of litigation; however, the introduction of the document was harmless beyond a reasonable doubt, in that it was merely duplicative of properly admitted evidence. [333-335]

At the trial of a criminal complaint charging the defendant with operation of a motor vehicle while under the influence of alcohol, fourth offense, no error arose from the admission in evidence of records from the Registry of Motor Vehicles without testimony from the person who created the records, where the records were kept in the ordinary course of business. [335-336]

At the trial of a criminal complaint charging the defendant with operation of a motor vehicle while under the influence of alcohol (OUI), fourth offense, adequate biographical and informational data existed to establish the defendant's identity with respect to a prior conviction of OUI as a third offense. [336]

There was no merit to a criminal defendant's claim of ineffective assistance of counsel. [336]

COMPLAINT received and sworn to in the Chelsea Division of the District Court Department on April 28, 2008.

The case was tried before *Timothy H. Gailey,* J.

*Anthony Rozzi* for the defendant.

*Eric Walz* (*Amy Martin*, Assistant District Attorney, with him) for the Commonwealth.

BERRY, J. A District Court jury convicted the defendant of operating a motor vehicle while under the influence of alcohol (OUI), and then, in a separate bench trial, a judge found that this was the defendant's fourth OUI offense. G. L. c. 90, § 24(1)(*a*)(1). On appeal, the defendant challenges the subsequent offense portion of the conviction on the grounds that (1) his confrontation rights, see *Melendez-Diaz* v. *Massachusetts*, 129 S. Ct. 2527 (2009) (*Melendez-Diaz*), were violated by the introduction, at the subsequent offense trial, of Registry of Motor Vehicles (RMV) records and a probation record; and (2) there was insufficient identification evidence to connect the defendant to the prior OUI conviction, on which the judge relied, of OUI as a third offense. The defendant also argues that his counsel was ineffective during the trial of the underlying OUI charge in failing to object to certain descriptions (by the prosecutor and by witnesses) of the defendant's demeanor and status following the accident that led to the current OUI arrest, and in failing to conduct adequate redirect examination of the defendant. We affirm.

The defendant's primary appellate challenges revolve around the admission of RMV records and of probation records of the South Boston Division of the District Court Department[1] during the subsequent offense trial. By exhibit A-1, the Commonwealth moved to introduce the certified docket of a 1990 conviction from that court to prove that the defendant previously had been convicted of OUI as a third offense. See *Commonwealth* v. *Bowden*, 447 Mass. 593, 599 (2006) ("A judgment of conviction for a third offense may appropriately be relied on to establish culpability for the first two offenses"). By exhibit A-2, the Commonwealth also moved to introduce a 2008 document entitled "Certification of Probation Information and Prior OUI Offense" and signed by an officer of that court's probation department who did not testify at trial. The probation document, among other things, indicated that a Norman A. Ellis, Jr., of a certain date of birth, address, and Social Security number, had been convicted in 1990 of OUI as a third offense. Finally, by exhibit A-6, the Com-

[1]Now the South Boston Division of the Boston Municipal Court Department. See G. L. c. 218, § 1, as appearing in St. 2003, c. 45, § 1.

monwealth moved to enter various RMV records, whose preparers did not testify, as evidence of the defendant's identity as the prior offender.[2] The defendant did not object to the certified conviction record but did object to the RMV record and the probation certification based on the confrontation clause of the Sixth Amendment to the United States Constitution. The trial judge admitted all three exhibits.[3]

We first observe the good reasons for the defendant not to have argued, below or on appeal, the admissibility of exhibit A-1, the certified conviction record. Certified court records of conviction are admissible under a hearsay exception for business records under G. L. c. 233, §§ 76[4] and 78. See Mass. G. Evid. § 803(6)(A),[5] (8), (22) (2010). Moreover, "[b]usiness and

[2]These motor vehicle registration records made no references to prior OUI convictions. They merely contained information that a certain motor vehicle registration number was assigned to one Norman A. Ellis, having a certain address and date of birth.

[3]The Commonwealth also introduced certified convictions of prior OUI offenses from the West Roxbury and Hingham Divisions of the District Court Department. Because the judge relied on the South Boston third offense conviction and probation record, we address those particular records.

[4]General Laws c. 233, § 76, as amended through St. 2008, c. 522, § 42, states as follows:

"Copies of books, papers, documents and records in any department of the commonwealth or of any city or town, authenticated by the attestation of the officer who has charge of the same, shall be competent evidence in all cases equally with the originals thereof; provided, that, except in the case of books, papers, documents and records of the department of public utilities or the department of telecommunications and cable in matters relating to common carriers, and of the registry of motor vehicles, the genuineness of the signature of such officer shall be attested by the secretary of the commonwealth under its seal or by the clerk of such city or town, as the case may be."

[5]Concerning business records, Mass. G. Evid. § 803(6)(A) (2010) states in pertinent part as follows:

"A business record shall not be inadmissible because it is hearsay or self-serving if the court finds that (i) the entry, writing, or record was made in good faith; (ii) it was made in the regular course of business; (iii) it was made before the beginning of the civil or criminal proceeding in which it is offered; and (iv) it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter."

See the nearly identical language contained in G. L. c. 233, § 78.

public records are generally admissible absent confrontation
. . . because — having been created for the administration of
an entity's affairs and not for the purpose of establishing or
proving some fact at trial — they are not testimonial." *Melendez-
Diaz*, 129 S. Ct. at 2539-2540. See *Commonwealth* v. *Shang-
kuan*, 78 Mass. App. Ct. 827, 832 (2011). "Certified records of
convictions are created to establish the fact of adjudication, so
as to promote accountability to the public regarding official pro-
ceedings and public knowledge of the outcomes of those
proceedings." *Commonwealth* v. *Weeks*, 77 Mass. App. Ct. 1, 5
(2010) (certified court dockets introduced to prove prior firearm
convictions were business records, were not testimonial, and
were not subject to confrontation under *Melendez-Diaz*). See
*Commonwealth* v. *McMullin*, 76 Mass. App. Ct. 904, 904 (2010).
Thus the certified conviction record in this case was properly
admitted absent confrontation.

1. *The probation record.* In contrast, there was error under
*Melendez-Diaz* in the admission of the probation certification.
This record does not qualify as a nontestimonial business record
under *Melendez-Diaz*. Rather, this record, which was generated
on June 24, 2008, has every appearance of having been prepared
in anticipation of litigation — the litigation being the defend-
ant's criminal trial for OUI as a fourth offense, which is the
subject of this appeal.[6] In fact, the certification is addressed, as
if it were a memorandum, to the assistant district attorney who
would be the prosecutor. A record such as this, even if gener-
ated in the ordinary course of probation department business, is
"prepared specifically for use at [the defendant's] trial" and is
testimonial, "[w]hether or not [it] qualif[ies] as [a] business or
official record[]." *Melendez-Diaz*, 129 S. Ct. at 2540. See *Com-
monwealth* v. *Shangkuan*, 78 Mass. App. Ct. at 832.

The testimonial aspects embedded in the probation certifica-
tion are discernible when it is considered that the certificate was
prepared by a person who, in the writing thereof, engaged in

---

[6]The subject OUI offense date was April 26, 2008, and court proceedings
ensued with arraignment on April 29, 2008. The probation certification was
generated by a probation officer of the South Boston Division of the Boston
Municipal Court Department on June 24, 2008. The trial on the charge in this
case was held on September 16 and 17, 2009.

certain deliberative decisions, and formulated evaluative statements and opinions in framing answers to the matters appearing on the pre-printed form lines of the probation certification, so that the certification could be used in litigation. For example, in this case, in response to the line inquiry on the certification about a "[p]hoto I.D. (if available)," the writer stated, "N/A"; in response to the line inquiry whether "[t]he defendant was assigned to: [a]lcohol [e]ducation [and] [t]reatment [p]rogram[s]," the writer stated, "N/A"; and in response to the line inquiry concerning the involved "[p]olice [d]epartment (if known)," the writer responded, "State." The compilation of such information required that the writer of this document review certain other documents (which are not specified in any way), engage in a deliberative process, and enter evaluative and opinion-based responses to the various certification line inquiries. Hence, there is a testimonial component that underlies what the writer did in reviewing documents and answering questions on the probation certification form. These actions and nonactions by the writer were ones that would be subject to interrogation in cross-examination. In sum, the "Certification of Probation Information and Prior OUI Offense" implicates confrontation rights under *Melendez-Diaz*.[7] It was error to admit the document absent an opportunity at or before trial to cross-examine the writer.

Notwithstanding the *Melendez-Diaz* error in the admission of exhibit A-2, the probation certification, we conclude that the

---

[7]That such a probation certification might be prepared for ensuing litigation is reflected in G. L. c. 90, § 24(1)(*c*)(4), as amended by St. 2005, c. 122, § 6A:

> "In any [OUI] prosecution . . . , introduction into evidence of a prior conviction . . . by . . . certified attested copies of original court papers, or *certified attested copies of the defendant's biographical and informational data from records of the department of probation, any jail or house of corrections, the department of correction, or the registry [of motor vehicles],* shall be prima facie evidence that the defendant before the court had been convicted previously . . ." (emphasis added).

That a statute, here G. L. c. 90, § 24(1)(*c*)(4), provides for introduction of probation records at trial does not alter the constitutional analysis. On that point, another statute, G. L. c. 111, § 13, provided for the admission of certificates of drug analysis, yet the introduction of such certificates was at center in the confrontation violation in the *Melendez-Diaz* case. See *Melendez-Diaz*, 129 S. Ct. at 2531.

introduction was harmless beyond a reasonable doubt because a certified copy of the conviction was introduced as exhibit A-1. See *Commonwealth* v. *Vasquez,* 456 Mass. 350, 355 (2010) (standard of review for preserved *Melendez-Diaz* error is harmlessness beyond reasonable doubt). That certified copy of the conviction shows the South Boston court conviction of OUI as a third offense. Hence, given the conforming date of birth on the certified conviction, the erroneous admission of exhibit A-2 was merely duplicative.

2. *The RMV records.* The defendant objected at trial to, and challenges in this appeal, the introduction of the RMV records. The contention that there was a *Melendez-Diaz* error in admission of these registry records, which list motor vehicle registration history, is unavailing. The registration records are kept in the ordinary course of the business of the RMV and were admissible as business records and as summaries of records regularly maintained by the RMV.[8] See *Commonwealth* v. *Martinez-Guzman,* 76 Mass. App. Ct. 167, 171 n.3 (2010) (noting that defendant's challenge to RMV records had not been preserved, but reasoning that, "[i]n any event, this claim is without merit where it is clear that the RMV is an independent agency of State government charged with keeping complete records on the status of drivers' licenses and 'a record of all convictions of persons charged with violations of the laws relating to motor vehicles.' G. L. c. 90, § 30, as amended by St. 1990, c. 256, § 5. Unlike the certificates at issue in *Melendez-Diaz,* which are created solely to prove an element of the prosecution's case, RMV records are maintained independent of any prosecutorial purpose and are therefore admissible in evidence as ordinary business records under G. L. c. 233, § 78, as well as pursuant to G. L. c. 233, § 76"). Accord *Commonwealth* v. *McMullin,* 76

---

[8]See Mass. G. Evid. § 1006 (2010), which provides as follows:

"The contents of voluminous writings or records which cannot conveniently be examined in court may be presented in the form of a summary, chart, or the like, which accurately reflects the contents of the underlying documents. The original, or duplicates, may be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court."

Mass. App. Ct. at 904 (RMV records introduced in OUI prosecution do not violate confrontation rights under *Melendez-Diaz*).

3. *Identification evidence.* On appeal, the defendant contends that there was inadequate biographical and informational data to establish the defendant's identity with respect to the prior conviction of OUI as a third offense.[9] We reject the defendant's challenge to the sufficiency of the evidence.

Officer Goodwin, who booked the defendant on April 26, 2008, testified that during booking, the defendant stated that his name was Norman A. Ellis, with a date of birth of April 5, 1950, and address of 444 Harrison Avenue, Boston. The OUI third offense conviction record from the South Boston court (exhibit A-1) confirms the defendant's date of birth as April 5, 1950. The RMV records (exhibit A-6) corroborate the identifying information that Officer Goodwin provided. The RMV records list the defendant's name as Norman A. Ellis, with a date of birth of April 5, 1950, and address of 444 Harrison Avenue, Boston. Compare *Commonwealth v. Bowden*, 447 Mass. at 595-596, 602, where similar identifying information was found sufficient.

4. *Ineffective assistance of counsel.* The defendant's argument that trial counsel's failure to object to the phrases "field sobriety test," "nodding off," and "odor of . . . alcohol[]" (and the like) lacks merit. None of the terms was subject to exclusion, and objection would have been futile. See *Commonwealth v. Carroll*, 439 Mass. 547, 557 (2003). The claim that trial counsel failed to adequately question the defendant on redirect examination regarding his inability to perform the "nine-step walk and turn" field sobriety test is equally unavailing.

*Judgment affirmed.*

---

[9]The defendant failed to move for a required finding at the close of evidence. Nonetheless, "findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice." *Commonwealth v. McGovern*, 397 Mass. 863, 867-868 (1986). Thus, we will review the sufficiency challenge.