NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1902                                        Appeals Court


COMMONWEALTH  vs.  TITUS T. ROYAL.


No. 14-P-1902.

Suffolk.     December 1, 2015. - March 7, 2016.

Present:  Rubin, Maldonado, & Massing, JJ.


Motor Vehicle, License to operate.  License.  Registrar of Motor
    Vehicles, Records.  Evidence, Hearsay, Business record.
    Notice.  Practice, Criminal, Hearsay.



    Complaint received and sworn to in the Charlestown Division
of the Boston Municipal Court Department on December 11, 2013.

    The case was heard by Lawrence E. McCormick, J.


    Rachel T. Rose for the defendant.
    Priscilla Guerrero (Cailin M. Campbell, Assistant District
Attorney, with her) for the Commonwealth.


    MASSING, J.  The defendant, Titus T. Royal, appeals from

his conviction, after a bench trial in the Charlestown Division

of the Boston Municipal Court Department, of driving with a

suspended license in violation of G. L. c. 90, § 23.  He claims

that the Commonwealth relied on inadmissible hearsay evidence to

prove the element of license suspension, that the Commonwealth failed to prove that the registry of motor vehicles (registry) mailed him notice of its intent to suspend his license, and that the evidence was insufficient to sustain his conviction. Because the Commonwealth's evidence of license suspension -- an officer's testimony that he "ran . . . the [defendant's driver's] license number through the Registry of Motor Vehicles" and it "came with a status of suspended" -- was inadmissible hearsay, we reverse the conviction.

Background.  On the morning of November 4, 2013, State Trooper Jeffrey Morrill, who was the only witness to testify at trial, stopped the car the defendant was driving for having an expired registration decal.  Using the laptop computer in his cruiser, Morrill "activated C[J]IS"[1] and ran the car's registration and the defendant's driver's license through the registry database.  Over the defendant's objection that the testimony was hearsay, Morrill stated, "The registration came back as status expired, non-renewable.  And the Massachusetts license came with a status of suspended."

In addition, the Commonwealth introduced in evidence four certified registry documents.  These included two notices of the registry's intent to suspend the defendant's license, both dated

---

[1] The criminal justice information system.  See G. L. c. 6, § 167A(c).

August 5, 2013, addressed to the defendant.  The first notice informed the defendant that on the basis of "3 Surchargeable Events," the registry would suspend his license on November 3, 2013, unless he timely completed a driver retraining program.[2] The second notice informed him that his license would be suspended on September 4, 2013, if he failed to pay $300 owed for delinquent citations and fines.

Each notice was accompanied by a corresponding registry document entitled "USPS Mailing Confirmation."  Each mailing confirmation record included the printed statement, "CREATED BY RMV ON:  08/05/2013" -- the same date as the notices.  The confirmation associated with the first notice further indicated, "RECEIVED BY USPS:  08/06/2013 21:03, AT POST OFFICE:  02205." The second mailing confirmation similarly indicated that it was "received" by "USPS" on "08/07/2013 19:59" at the same post office.

The four documents were certified by the registrar of motor vehicles (registrar) under G. L. c. 90, § 22, as being "true copy(s) of the driving history and notice(s) of suspension/revocation as appearing in the registrar's records."

---

[2] Under G. L. c. 175, § 113B, if a driver has three surchargeable incidents within a twenty-four month period -- defined as at-fault accidents, traffic law violations, or comprehensive coverage claims, see 211 Code Mass. Regs. § 134.03 (2003) -- the driver's license will be suspended unless the driver completes a driver education program within ninety days.

The registrar further attested, "I hereby certify that on 01/09/14 his/her license or right to operate was reinstated in the Commonwealth of Massachusetts."

Discussion. 1. License suspension. To prove the crime of operating a motor vehicle after license revocation or suspension, the Commonwealth must prove beyond a reasonable doubt that (1) the defendant operated a motor vehicle, (2) that at the time of operation the defendant's license had been revoked or suspended, and (3) that the defendant received notice that his license had been suspended or revoked.[3] See G. L. c. 90, § 23; Instruction 5.2 of the Criminal Model Jury Instructions for Use in the District Court (2013).[4] The defendant argues that the Commonwealth's evidence of the second

_____

[3] Notice of the registry's intention to suspend is adequate evidence of the notice element as it "conveys notice of imminent registry action." Commonwealth v. Crosscup, 369 Mass. 228, 231 & n.2 (1975).

[4] The defendant argues that "the Commonwealth did not present evidence sufficient to find beyond a reasonable doubt that [the defendant's] license had been suspended pursuant to a specified statutory section on November 4, 2013." If the defendant had been charged under the third paragraph of G. L. c. 90, § 23, the defendant would be correct in arguing that the Commonwealth was required to prove the additional element that his license was suspended or revoked "pursuant to a violation of one of the specified statutory sections." Commonwealth v. Deramo, 436 Mass. 40, 50 (2002). However, since the defendant was charged under the first paragraph of G. L. c. 90, § 23, for operating a motor vehicle with a suspended license, second offense, the Commonwealth was required to prove only the above-listed three elements. The record before us is silent regarding the disposition of the subsequent offense aspect of the charge.

element -- that the defendant's license was suspended -- was inadmissible hearsay.  We agree.

"Hearsay is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Commonwealth v. Randall, 50 Mass. App. Ct. 26, 27 (2000).  See Mass. G. Evid. § 801(c) (2015).  In Randall, supra, to prove that the defendant was the driver of a van that was involved in a gas station burglary, a police officer testified "that a registry check of the license plate on the van indicated that the van belonged to the defendant."  We held that the substantive use of this testimony to prove ownership of the van was improper and warranted reversal of the conviction.  Id. at 28.  Morrill's testimony that a registry check of the defendant's license indicated that the license had been suspended, used to prove that very fact, is indistinguishable from the hearsay testimony held to be impermissible in Randall.

The Commonwealth contends that Morrill's testimony regarding the result of his registry record check was not hearsay "because it was not a statement made by a person; it was a record."  This contention has some support in our recent cases.  See Commonwealth v. Thissell, 457 Mass. 191, 197 n.13 (2010); Commonwealth v. Whitlock, 74 Mass. App. Ct. 320, 326-327 (2009) (computerized mapping tool's measurement of distance does

not constitute "statement"); Commonwealth v. Perez, 89 Mass. App. Ct. 51, 56 (2016), quoting from Mass. G. Evid. § 801(a), at 260 (2015) ("'Statement' means a person's oral assertion, written assertion, or nonverbal conduct" [emphasis added]).[5]

When considering the potential hearsay implications of computer records, courts have drawn a distinction between "computer-generated" and "computer-stored" records.  See, e.g., Thissell, supra; People v. Holowko, 109 Ill. 2d 187, 191-192 (1985); State v. Armstead, 432 So. 2d 837, 839-840 (La. 1983); State v. Kandutsch, 336 Wis. 2d 478, 501-506 (2011).  Computer-generated records "are those that represent the self-generated record of a computer's operations resulting from the computer's programming."  Kandutsch, supra at 503-504.  "Because computer-generated records, by definition, do not contain a statement from a person, they do not necessarily implicate hearsay concerns."  Thissell, supra.  Computer-stored records, by contrast, "constitute hearsay because they merely store or maintain the statements and assertions of a human being." Kandutsch, supra at 503.

The distinction between computer-stored and computer-generated records depends on the manner in which the content was created -- by a person or by a machine.  Computer-generated

---

[5] The definition of "statement" in Mass. G. Evid. § 801(a) is identical to Fed. R. Evid. 801(a).

records are the result of computer programs that follow designated algorithms when processing input and do not require human participation. See Kerr, Computer Records and the Federal Rules of Evidence, 49 U.S. Attorneys' Bull. 25, 26 (Mar. 2001). Examples include automated teller machine receipts, log-in records from Internet service providers, and telephone records. Ibid. Computer-stored records generally refer to documents that contain writings of a person or persons that have been reduced to electronic form, such as electronic mail messages, online posts, and word processing files. Ibid.

Although not using the term "computer-generated," the United States Court of Appeals for the Ninth Circuit has held that assertions made by a machine "without any human intervention" are not hearsay because "there's no statement as defined by the hearsay rule." United States v. Lizarraga-Tirado, 789 F.3d 1107, 1110 (9th Cir. 2015). Accordingly, the court held that a "tack" placed on a map and automatically labeled with global positioning system coordinates by Google Earth was not hearsay. Id. at 1109-1110. The court further observed that concerns regarding the accuracy and reliability of "machine statements" "are addressed by the rules of authentication, not hearsay." Id. at 1110.

Some computer records may be classified as hybrids, "containing both computer-stored records and 'human statements,'

as well as computer-generated data." Thissell, supra. Hybrid documents present both hearsay and authentication concerns. Ibid.

In this case, the discussion of the defendant's hearsay objection at trial did not include details explaining how registry records are created, or how police officers gain access to these records electronically through CJIS. In our view, Morrill's computer check underlying his testimony that the defendant's license "came with a status of suspended" is unlike the introduction in evidence of automated bank records, see Perez, supra, or computer-generated mapping information from electronic monitoring devices, see Thissell, supra at 196-197; Kandutsch, supra at 501-506, in that human action was required both to create and retrieve this computer-stored information.[6] The Commonwealth has not persuaded us that Randall, 50 Mass.

_____

[6] In Commonwealth v. Norman, 87 Mass. App. Ct. 344, 345 (2015), as part of its proof that the defendant had received notice that his license had been suspended as the result of a conviction of operating a motor vehicle under the influence of alcohol (OUI), the Commonwealth offered the testimony of a registry branch manager concerning the registry's "system" of providing notice of license suspension. "Under that system, once an OUI conviction is entered into the relevant database, a suspension notice is automatically generated, and employees in the [registry] mailroom then place the notice in an envelope and deliver it to the post office for mailing" (emphasis supplied). Ibid. If such testimony had been offered in the case before us, it would tend to show that the registry database is at best a hybrid, comprising computer-stored records of human statements regarding triggering events as well as computer-generated notices.

App. Ct. 27-28, was wrongly decided because registry records are computer-generated and free from hearsay concerns.

We note that the Commonwealth could have proven the element of license suspension without implicating the hearsay rules if it had introduced a properly certified copy of a registry driving history record showing that the defendant's license had been suspended. "[Registry] records are maintained independent of any prosecutorial purpose and are therefore admissible in evidence as ordinary business records under G. L. c. 233, § 78, as well as pursuant to G. L. c. 233, § 76." Commonwealth v. Ellis, 79 Mass. App. Ct. 330, 335 (2011), quoting from Commonwealth v. Martinez-Guzman, 76 Mass. App. Ct. 167, 171 n.3 (2010). See G. L. c. 90, § 30 (providing for admissibility of certified copies of registry records).

The use of Morrill's hearsay testimony was prejudicial error warranting reversal of the conviction. We review for prejudicial error because, contrary to the defendant's suggestion, the introduction of the registry records through Morrill did not rise to the level of constitutional error. Registry records of driver history are not "testimonial" and do not raise Sixth Amendment to the United States Constitution confrontation clause concerns. Commonwealth v. Ellis, supra at 335-336, citing Commonwealth v. McMullin, 76 Mass. App. Ct. 904, 904 (2010).

Nonetheless, the improperly admitted hearsay was the only direct evidence that the Commonwealth offered as proof of an essential element of the crime, and it served as a crucial foundation for the guilty finding.[7]  We cannot say that the evidence "did not influence the jury, or had but very slight effect."  Randall, supra at 28, quoting from Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).[8]

2.  Notice of suspension.  Because the issue may recur at any retrial, we address the defendant's additional contention that the registry's mailing confirmation documents were inadmissible under Commonwealth v. Parenteau, 460 Mass. 1 (2011).

---

[7] Although the defendant received two notices that the registry intended to suspend his license if he did not take certain steps before certain deadlines, the Commonwealth presented no evidence to indicate that the defendant did not comply or that the registry actually followed through with the suspension.  The Commonwealth does not argue that proof of suspension could be inferred from the part of the registrar's certification stating that "on 01/09/14 his/her license or right to operate was reinstated."  For the reasons discussed infra, this statement constituted inadmissible testimonial hearsay. See Commonwealth v. Parenteau, 460 Mass. 1, 8-9 (2011); Ellis, supra at 333-334; Commonwealth v. Lopes, 85 Mass. App. Ct. 341, 352 (2014).

[8] We reject the defendant's argument that the evidence offered at trial was insufficient to sustain his conviction. Sufficiency of the evidence "is to be measured upon that which was admitted in evidence without regard to the propriety of the admission."  Commonwealth v. Sepheus, 468 Mass. 160, 164 (2014), quoting from Commonwealth v. Farnsworth, 76 Mass. App. Ct. 87, 98 (2010).

In Parenteau, to prove the element that the defendant received notice that his license was suspended or revoked, the Commonwealth introduced a copy of the notice of suspension accompanied by the registrar's attestation that the notice had been mailed on the date shown on the notice. Id. at 4.[9] Observing that the registrar's certification was "a solemn declaration made by the registrar for the purpose of establishing the fact that notice of license revocation was mailed to the defendant . . . , and, by inference was received by him," id. at 8, the court held that the certification was testimonial hearsay and violated the defendant's Sixth Amendment right to confrontation in the absence of live testimony from a registry witness. Id. at 8-9.

The court noted that a contemporaneous business record showing that the notice had been mailed would not have raised the same concerns. "If such a record had been created at the time the notice was mailed and preserved by the registry as part of the administration of its regular business affairs, then it would have been admissible at trial." Id. at 10. The mailing confirmation records introduced in this case appear to be such

---

[9] Evidence that the registry mailed the notice is prima facie evidence that the defendant received the notice. See Commonwealth v. Crosscup, 369 Mass. 228, 239-240 (1975); Parenteau, supra at 5-6 & n.8. "The Commonwealth need not prove that the defendant in fact received that notice; proof that the [registry] properly mailed it is sufficient." Commonwealth v. Norman, 87 Mass. App. Ct. 344, 346 n.4 (2015).

contemporaneous business records, now maintained by the registry in response to the Parenteau decision.  They were properly admitted as evidence that the registry mailed, and prima facie evidence that the defendant received, the notices of intent to suspend his license.

Thus, the Commonwealth offered specific proof that the notices were mailed to the defendant; it did not rely on evidence of the registry's "regular practice."  Contrast Commonwealth v. Oyewole, 470 Mass. 1015, 1016 (2014).  The defendant points to certain apparent discrepancies in the mailing confirmation records, for example, that they attempt "to memorialize actions that had not yet occurred -- both documents were created before" the post office "received" them -- but such cavils go to weight rather than admissibility.[10]  As the mailing confirmation records permit, but do not require, the trier of fact to find that the defendant received notice, he is entitled to introduce relevant evidence and argument calling his receipt of notice into question.  See Commonwealth v. Crosscup, 369 Mass. 228, 242 (1975); Parenteau, supra at 6 n.8.

Judgment reversed.

Finding set aside.

---

[10] To eliminate future litigation regarding this apparent discrepancy, the registry should consider revising its mailing confirmation template to replace the words "received by USPS" with the words "delivered to."