After a jury trial, the defendant, Tetao A. Fremming, was convicted of misleading a police officer in violation of G. L. c. 268, § 13B, and making a false report of a crime in violation of G. L. c. 269, § 13A. On appeal, he argues that the trial judge erred in (1) admitting in evidence five diagrams created by the Commonwealth purporting to show that the defendant made cellular telephone (cell phone) calls from certain vicinities, (2) admitting in evidence several photographs because they were irrelevant to the crimes charged and misled the jury, and (3) denying the defendant's motion for a required finding of not guilty because the Commonwealth failed to establish that the defendant made any false statement in reporting the theft of a motor vehicle. We affirm.
Background. On December 31, 2013, at approximately 7:00 P.M. , Worcester police officers responded to a report of a car crash near 123 Summer Street in the city of Worcester. Eyewitnesses reported that a white vehicle had struck a pedestrian and left the scene. On January 5, 2014, at 3 Wyman Street in Worcester, officers discovered a grey Chevrolet Sonic that was determined to have been the vehicle involved in the hit-and-run collision. Officer James Foley testified that a check of the Registry of Motor Vehicles database indicated that the vehicle was a rental vehicle owned by Enterprise, and the renter for the relevant time was the defendant's girl friend, Georgia Grammatikakis. She and the defendant had filed a stolen motor vehicle report with the Worcester police department on January 1, 2014.
The defendant reported that he had driven the vehicle to 114 Eastern Avenue to visit a friend, left the keys in the ignition, and, when he went to ring his friend's doorbell, someone stole the vehicle. Police officers obtained surveillance video footage from the doorway above 112 Eastern Avenue for the time between 6:35 P.M. and 7:35 P.M. on December 31, 2013, which was admitted in evidence at trial. These homes, 112 and 114 Eastern Avenue, are connected as a duplex. The surveillance video footage showed the street in front of the building, where the defendant claimed to have parked the vehicle. The defendant stipulated at trial that he did not appear in this surveillance footage.
With a search warrant, the Commonwealth obtained cell site location information (CSLI) regarding the defendant's cell phone for December 31, 2013 through January 7, 2014. Seventy pages of the defendant's CSLI was admitted in evidence. The CSLI records included the date, time, and duration of telephone calls made to and from the defendant's cell phone, the telephone numbers in communication with the defendant's cell phone, and the cellular towers and sectors that received transmissions from the cell phone.
Massachusetts State Trooper Albert Kardoos testified that he used an "off-the-shelf" Microsoft software product called MapPoint[2] to plot the information contained in the CLSI spreadsheets on a map, creating diagrams (CSLI diagrams) representing the location of the defendant's cell phone. The trooper explained his training in mapping and analyzing cell phone records and how cell towers and cell phones communicate. He testified that cell phone antennae operate in all directions, 360 degrees, from the cell tower. This 360-degree range is divided into three 120-degree segments or sectors that indicate the approximate location of a particular cell phone handset at the time it utilizes the cell tower.
Trooper Kardoos testified that "[i]t's impossible to predict exactly how far out [from the tower] the signal was propagated that day, given different conditions .... So ... we go about 70 percent to the nearest tower." In other words, the CSLI diagrams generated by Trooper Kardoos represent the approximate vicinity where the defendant's cell phone was located in relation to various cell towers during each of five outgoing telephone calls made between 6:45 P.M. and 8:29 P.M. on the evening of December 31, 2013. These CSLI diagrams were admitted in evidence, as were several photographs depicting the scene of the hit-and-run, the victim's clothing and injuries, the police investigation into the incident, and the damage to the vehicle implicated in the crash.
At the close of evidence, the defendant filed a motion for a required finding of not guilty, which was denied. The jury returned a verdict of guilty on both counts. The defendant appeals.
Discussion. 1. CSLI diagrams depicting cellular activity. The defendant argues that the trial judge erred in admitting in evidence the five CSLI diagrams. He contends that the CSLI diagrams are hearsay and not admissible as business records because they were created "in anticipation of litigation." See, e.g., Commonwealth v. Pena, 455 Mass. 1, 13 n.13 (2009) (autopsy report inadmissible as business record "insofar as it had been 'created in anticipation of litigation' "). The Commonwealth, however, is not contending the CSLI diagrams are business records.
The Commonwealth argues that the CSLI diagrams are nonhearsay computer-generated records. Computer-generated records are those "generated solely by the electrical or mechanical operation of a computer." Commonwealth v. Thissell, 457 Mass. 191, 197 n.13 (2010) ("Because computer-generated records, by definition, do not contain a statement from a person, they do not necessarily implicate hearsay concerns"). "Computer-generated records are the result of computer programs that follow designated algorithms when processing input and do not require human participation. Examples include automated teller machine receipts, log-in records from Internet service providers, and telephone records." Commonwealth v. Royal, 89 Mass. App. Ct. 168, 171 (2016) (citation omitted). Compare Commonwealth v. Whitlock, 74 Mass. App. Ct. 320, 325-327 (2009) (testimony about distance between point of drug sale and school determined by computer software program not hearsay because "calculation of a distance ... is impossible without use of a tool that has been calibrated to show a relevant unit of measure" and "[w]hen employed to measure something, none of those tools makes a 'statement' "), with Royal, supra at 172 (officer's testimony that a registry check of defendant's driver's license indicated that his license had been suspended, used to prove that fact, hearsay because "human action was required both to create and retrieve this computer-stored information").
It is undisputed that the defendant did not object to the admission of the CSLI diagrams at trial, and we thus review any error to determine whether their admission creates a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).
Even if we assume, without deciding, that the admission of the CSLI diagrams was error,[3] we conclude that their admission did not create a substantial risk of a miscarriage of justice because they were "cumulative of correctly admitted evidence that was clearly sufficient to convict the defendant." Id. at 14. The CSLI records were admitted in evidence, and the jury heard the testimony of Trooper Kardoos, separate from the CSLI diagrams, regarding the time, cell tower location, and sector activated by each of the five telephone calls at issue.[4] Thus, even if we assume there was error, it did not create a substantial risk of a miscarriage of justice.
2. Photographs. The defendant argues that several photographs of the scene of the hit-and-run, the victim's clothing and injuries, the police investigation into the incident, and the damage to the vehicle implicated in the hit-and-run were improperly admitted in evidence. He argues that the photographs are irrelevant and misleading. Because the defendant raised no objection at trial to their admission, we review to determine whether there was error that created a substantial risk of a miscarriage of justice. See id. 13.
"The concept of relevance has two components: (1) the evidence must have some tendency to prove a particular fact; and (2) that particular fact must be material to an issue in the case." Harris-Lewis v. Mudge, 60 Mass. App. Ct. 480, 485 (2004). "The judge has discretion to decide whether evidence is relevant and, if relevant, whether the evidence is to be excluded because its probative qualities are outweighed by its prejudicial effect." Ibid. "The admissibility of photographic evidence rests almost entirely in the discretion of the judge. It is a 'rare instance[ ] in which the probative value of [such] evidence is [so] overwhelmed by its inflammatory potential' that a reversal would be warranted." Commonwealth v. Bradshaw, 385 Mass. 244, 270 (1982), quoting from Commonwealth v. Repoza, 382 Mass. 119, 128 (1980) (citation omitted).
The Commonwealth argues that the photographs were relevant to establish the occurrence of the hit-and-run, the involvement of the defendant's girl friend's rental vehicle with the hit-and-run, and the defendant's motivation to file a false police report and to mislead officers in order to avoid culpability for the hit-and-run. Intent is an essential element of both of the crimes charged. We conclude that the judge did not abuse his discretion in admitting these photographs in evidence.
3. Motion for required finding of not guilty. The defendant argues that his motion for a required finding of not guilty should have been granted because, by failing to foreclose the possibility that the defendant had told officers the truth and the rental car had in fact been stolen, the Commonwealth failed to prove the falsity of the police report filed by the defendant. In reviewing claims of insufficient evidence, this panel reviews the evidence in the light most favorable to the Commonwealth to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). Inferences drawn from the evidence need not be necessary inferences, only "reasonable and possible." Commonwealth v. Marquetty, 416 Mass. 445, 452 (1993). "To the extent that conflicting inferences are possible from the evidence, 'it is for the jury to determine where the truth lies.' " Id. at 452-453.
The defendant was charged with "intentionally and knowingly" making, or causing to be made, "a false report of a crime to police officers." G. L. c. 269, § 13A. The Commonwealth presented surveillance video footage indicating that the defendant lied about his presence at 114 Eastern Avenue at the time he reported that the car was stolen, and CSLI records tending to prove that the defendant was instead in the vicinity of 123 Summer Street at the time of the hit-and-run and later 3 Wyman Street where the vehicle was recovered. Taking the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth, we conclude that a rational trier of fact could have found that the defendant filed a false report.
Judgments affirmed.

Microsoft discontinued MapPoint on December 31, 2014. http://www.microsoft.com/mappoint/en-us/home.aspx (last visited October 3, 2017).

Contrary to the defendant's contention, the Supreme Judicial Court has concluded that similar computer-generated information for context for a jury is not hearsay and does not violate a defendant's confrontation rights. Commonwealth v. Cole, 473 Mass. 317, 327 (2015) (deoxyribonucleic acid expert testimony concerning probability statistics was not hearsay; in the absence of computer technology, the witness would perform the calculations by hand). As in Cole, "the relevant question" was "whether the foundation was sufficient for the introduction" of the visual representation of the underlying data, which already was in evidence. Id. at 328.

The defendant also did not object to the admission in evidence of the CLSI records or Trooper Kardoos's testimony, nor does he raise any argument on appeal regarding this evidence.