NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-830

COMMONWEALTH

vs.

MICHAEL D. LAVOIE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in District Court, the defendant was convicted of carrying a firearm without a license, G. L. c. 269, § 10 (a), and carrying a loaded firearm without a license, G. L. c. 269, § 10 (n).[1]  On appeal, the defendant contends that the judge erred in admitting testimony from an employee from the Department of Criminal Justice Information Services (DCJIS) and a printout of a search of the firearm

_____

[1] At the request of the Commonwealth, the judge dismissed the charge of possession of a firearm during the commission of a felony, G. L. c. 265, § 18B.  The judge granted the defendant's motion for a required finding of not guilty on the charge of assault with a dangerous weapon, G. L. c. 265, § 15B (b).  The judge found the defendant not guilty of possessing ammunition without a firearms identification card, G. L. c. 269, § 10 (h), because it was duplicative of the charge of carrying a loaded firearm without a license.

license database showing that the defendant did not have a license to carry. The defendant also claims that there was insufficient evidence to find that he knew the firearm was loaded. We affirm.

Background. "Because the defendant challenges the sufficiency of the evidence presented, we summarize the facts the jury could have found in the light most favorable to the Commonwealth." Commonwealth v. Tavares, 471 Mass. 430, 431 (2015). Around 1:20 A.M. on April 30, 2022, a man went to the Worcester police station, reported that there had been an incident at a local bar involving a firearm, and provided a description and photograph of the suspect. Multiple officers went to the bar and waited for someone matching that description to walk outside. The officers eventually detained the defendant, asked if he had any weapons, and removed a firearm from the defendant's front pants pocket. After being advised of his Miranda rights, the defendant told an officer that he was holding the firearm for a friend.

At trial, an employee from DCJIS testified that he obtained the defendant's name and date of birth from the district attorney's office. The Commonwealth also entered into evidence a certified record from the registry of motor vehicles showing the defendant's name and birth date. The DCJIS employee testified that he used that information to conduct a search of

2

the DCJIS-maintained Statewide firearm license database.  After running that query, he received a response indicating that no record existed of the defendant having a license to carry a firearm.  The judge also allowed into evidence, over the defendant's objection, a printout showing "no records found" for a search of the DCJIS-maintained database using the defendant's name and birth date.

Discussion.  1.  DCJIS employee testimony.  The defendant argues that the DCJIS employee's testimony regarding the result of his search of the firearm license database was inadmissible hearsay.  We review evidentiary rulings for abuse of discretion and "do not disturb a trial judge's decision absent a clear error of judgment in weighing the relevant factors"  (quotations and citation omitted).  Commonwealth v. McDonagh, 480 Mass. 131, 140 (2018).

The DCJIS employee's testimony did not violate the rule against inadmissible hearsay.  See Mass. G. Evid. § 802 (2025).  "Under our common law, testimony that a search of public records did not turn up a record is admissible to prove the nonexistence of such a record."  Commonwealth v. Smith, 496 Mass. 304, 308 (2025).  See Mass. G. Evid. § 803 (10) (2025).  The witness "who is offered to testify that a search of a database of public records failed to return a record must be familiar with the process of searching the database and with the government

3

record-keeping practices with respect to the database." Smith, supra at 305. Here, the DCJIS employee testified that he had conducted "thousands" of database searches in his career. He stated that the firearms records bureau is the repository for all records regarding licenses to carry, firearms identification cards (FID card), and weapons transfers in the State, and that licensing authorities process applications for licenses to carry and FID cards and provide information from each application to DCJIS through the Massachusetts instant record check system. The employee further explained how a police officer or DCJIS employee can search the database to obtain licensing information on a particular person and what happens if a name or birth date is entered into the system incorrectly. Although it would have been better for the Commonwealth to elicit additional testimony on how DCJIS maintains and updates its database, including with respect to licenses that have been revoked or expired, see id. at 313, the employee's testimony was sufficient to establish that "he was familiar with the process of searching the database and . . . he understood the relevant government record-keeping practices." Id.

We also reject the defendant's claim that the DCJIS employee's testimony violated his right to confront witnesses against him under the Sixth Amendment to the United States Constitution. In Smith, the Supreme Judicial Court rejected an

4

identical challenge under the Sixth Amendment and art. 12 of the Massachusetts Declaration of Rights. See Smith, 496 Mass. at 313-315. It explained that the "touchstone" of the confrontation clause analysis is whether "the primary purpose of a declarant's out-of-court statement is testimonial or nontestimonial -- that is, whether the statement is intended to 'prove past events potentially relevant to later criminal prosecution.'" Id. at 313, quoting Commonwealth v. Middlemiss, 465 Mass. 627, 634 (2013). Agency records are generally admissible absent confrontation because they are "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial." Smith, supra at 314, quoting Commonwealth v. Zeininger, 459 Mass. 775, 786, cert. denied, 565 U.S. 967 (2011). In particular, because "the contents of DCJIS's database were not created with the 'primary purpose' of creating evidence for use at trial," testimony about an employee's search of that database does not violate a defendant's right to confront witnesses against him. Smith, supra at 315. Accordingly, it was not error to allow the DCJIS employee to testify about his search results.

2. Admission of printout. The defendant also challenges on hearsay and confrontation clause grounds the admission of the printout showing "no records found" in response to a search of the DCJIS-maintained database with the defendant's name and

5

birth date.[2]  As discussed, because the contents of the firearms license database were not created with the "primary purpose" of creating evidence for use at trial, the admission of a record showing the result of a search of that database does not violate the confrontation clause.  See Smith, 496 Mass. at 314-315.  Nor was the printout hearsay.  See id. at 315 n.13.  "[B]ecause computer-stored records contain statements of human beings, they can in certain circumstances constitute hearsay; but computer-generated records, which contain only the results of computer programs, cannot."  Commonwealth v. Brea, 488 Mass. 150, 160 (2021).  The printout qualifies as a computer-generated record because it was generated by applying a designated algorithm to the defendant's identifying information and did not "require human participation" to generate its result.  Commonwealth v. Royal, 89 Mass. App. Ct. 168, 171 (2016).  Accordingly, the judge did not abuse his discretion in allowing the printout into evidence.

3. Sufficiency of the evidence.  Lastly, the defendant contends that there was insufficient evidence that he knew that

---

[2] Although the printout appears to have been generated as the result of a search conducted by someone else at DCJIS, the testifying employee stated that it was "a fair representation of the result that [he] personally saw when [he] ran the [search]." The defendant does not contend that the document was insufficiently authenticated.  See Mass. G. Evid. § 901 (a) (2025).

the firearm was loaded. "[T]o sustain a conviction under G. L. c. 269, § 10 (n), the Commonwealth must prove that a defendant knew the firearm he or she possessed was loaded." Commonwealth v. Brown, 479 Mass. 600, 601 (2018). In determining whether the evidence was sufficient to sustain a conviction, we consider the evidence in the light most favorable to the Commonwealth. Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "A conviction may rest exclusively on circumstantial evidence, and, in evaluating that evidence, we draw all reasonable inferences in favor of the Commonwealth." Commonwealth v. Jones, 477 Mass. 307, 316 (2017). Inferences "need only be reasonable and possible and need not be necessary or inescapable" (citation omitted). Commonwealth v. Gomez, 495 Mass. 688, 693 (2025).

The fact that the defendant was carrying the firearm in his front pants pocket supports a reasonable inference that he knew it was loaded, because carrying a firearm in such a manner "creates a heightened risk of self-injury in the event of an accidental discharge, so that a prudent person would check whether the firearm is loaded." Commonwealth v. Grayson, 96 Mass. App. Ct. 748, 752 & n.7 (2019) (defendant found with firearm in his waistband). See Commonwealth v. Resende, 94 Mass. App. Ct. 194, 200-201 (2018) (same). See also Commonwealth v. Cooper, 97 Mass. App. Ct. 772, 774 (2020) (reasonable to infer that defendant would check whether firearm

7

was loaded before tucking it into armpit area). That inference is strengthened by several other facts. See Grayson, supra at 752-753 & n.10. In the middle of the night, the police received a report describing the defendant and stating that he had been involved in an incident with a firearm at a bar. Officers later used that description to identify the defendant as he left the bar and found the weapon on him. In addition, the defendant told an officer that he was holding the firearm for a friend, and it is reasonable to infer that in such circumstances the defendant would have asked his friend whether the firearm was loaded or checked it himself. Accordingly, there was sufficient evidence to find beyond a reasonable doubt that the defendant knew the firearm was loaded. See Resende, supra at 200-201.

Judgments affirmed.

By the Court (Vuono, Meade & Toone, JJ.[3]),

Clerk

Entered: August 8, 2025.

---

[3] The panelists are listed in order of seniority.