## COMMONWEALTH *VS.* MANUEL CALDERON.

No. 04-P-1221.

Hampden. November 9, 2005. - March 1, 2006.

Present: ARMSTRONG, C.J., SMITH, & MILLS, JJ.

*Rape. Indecent Assault and Battery. Evidence,* Expert opinion, Fresh complaint. *Practice, Criminal,* Assistance of counsel, Voir dire.

At the trial of indictments charging the defendant with rape of a child, the admission in evidence of a medical doctor's expert opinion that the victim's examination was "consistent with her disclosures" improperly connected the victim to the general characteristics of sexually abused children but constituted harmless error in that the jury could not have been substantially swayed by the few improvidently spoken words in the doctor's otherwise appropriate testimony [591-593], and the defendant's arguments that the judge should have excluded the doctor's testimony on the basis of surprise or failure to qualify the expert, and that the judge failed to issue an unrequested instruction on expert testimony, were unavailing [593-594].

A criminal defendant failed to demonstrate that his trial counsel rendered ineffective assistance. [594]

The judge at a rape trial did not abuse his discretion in allowing the eleven year old victim to testify without holding a voir dire on the victim's competency, where the record disclosed no evidence as to why the victim was not competent. [594-595]

The testimony of a fresh complaint witness at a rape trial did not create a substantial risk of a miscarriage of justice, where the testimony did not constitute improper vouching for the credibility of the victim, and where there was no other sufficient basis to conclude that prejudice to the defendant resulted from admission of the testimony. [595-596]

INDICTMENTS found and returned in the Superior Court Department on March 28, 2002.

The cases were tried before *C. Brian McDonald,* J.

*Thomas N. Turner* for the defendant.

*Marcia B. Julian,* Assistant District Attorney, for the Commonwealth.

MILLS, J. The defendant appeals from his convictions on four

counts of rape of a child with force, G. L. c. 265, § 22A, and six counts of indecent assault and battery on a child under age fourteen, G. L. c. 265, § 13B. We affirm.

1. *Background.* The eight year old victim was treated in the hospital after a car accident. In response to questions from a social worker, she revealed sexual abuse by the defendant who, at the time, was her mother's boyfriend. She later described the same events to a police detective. At trial, the victim, then eleven, testified that the abuse, which occurred in the home when the victim's mother was sleeping or at work, began when she was five years old and continued until the time of the accident. The victim's testimony indicated that the defendant raped her vaginally and engaged her in oral sex. She also testified that he told her he would "come and get [her]" if she told anyone about the abuse.

Dr. Otterman examined the victim nineteen days after the accident and her initial disclosures to social workers and police. At trial, the doctor testified on behalf of the Commonwealth that although the victim's examination was normal, the absence of evidence of trauma was "consistent with her disclosures."[1] He also stated on cross-examination that he found no evidence of penetration.

The defendant argues on appeal that Dr. Otterman's testimony was improperly admitted; he (the defendant) did not receive effective assistance of counsel at trial; testimony of the victim was improperly admitted without a voir dire to determine her competency; and fresh complaint testimony was improperly admitted.

2. *Expert testimony.* In general, expert testimony in a child sexual abuse case is appropriate to explain to the jury the presence or absence of physical injury. See *Commonwealth* v. *Federico*, 425 Mass. 844, 851 (1997) ("In the absence of evidence of physical injury, a medical expert may be able to assist the

---

[1] The doctor stated "[t]hat there were no findings that were very specific for any clear trauma but that, nonetheless, is consistent with her disclosures."

He testified further, "in my understanding of the — of this area of practice allows me to say that what is often perceived as, for instance, genital penetration, penile vaginal penetration, often is not so, it is — that is, the penis might not enter into the vaginal canal like one might expect from understanding of that kind of allegation, let's say, disclosure."

jury by informing them that the lack of such evidence does not necessarily lead to the medical conclusion that the child was not abused" [footnotes omitted]); *Commonwealth* v. *Allen*, 40 Mass. App. Ct. 458, 465 (1996) ("An expert may testify about general syndromes associated with sexual abuse"). Such testimony may be especially useful to correct a jury's "mistaken understanding that certain types of sexual abuse always or nearly always cause physical injury or scarring in the victim[,] [p]articularly where the defendant argues that the absence of any scarring or injury is evidence that the abuse did not occur." *Commonwealth* v. *Federico*, 425 Mass. at 851 n.13.

However, an expert must not express an opinion whether abuse in fact occurred or comment on the credibility of the victim. See *Commonwealth* v. *Trowbridge*, 419 Mass. 750, 759-760 (1995); *Commonwealth* v. *Allen*, *supra* at 466. Nor is it permissible for an expert to connect general testimony about a syndrome with an opinion about the victim. See *Commonwealth* v. *Dockham*, 405 Mass. 618, 628-630 (1989); *Commonwealth* v. *Allen*, *supra* at 466. Testimony that "the symptoms and physical condition of the child were consistent with the type of nonviolent sexual abuse that the child alleged in this case . . . [comes] impermissibly close to an endorsement of the child's credibility." *Commonwealth* v. *Trowbridge*, *supra* at 760. Likewise, an expert's note that "today's normal findings do not exclude the possibility of sexual abuse" also may cross over the line into vouching. *Commonwealth* v. *Allen*, *supra* at 466.

Here, Dr. Otterman did not opine directly on whether the victim in fact had been subjected to abuse; nor did he comment on the victim's truthfulness. See *Commonwealth* v. *Quincy Q.*, 434 Mass. 859, 872 (2001). Nonetheless, his statement that the victim's normal examination was "consistent with her disclosures" improperly connected the victim to the general characteristics of sexually abused children and should not have been admitted. See *Commonwealth* v. *Trowbridge*, *supra* at 760; *Commonwealth* v. *Allen*, *supra* at 466.

As the defendant objected to the testimony directly after it was elicited and later moved to strike, we review for prejudicial error. We conclude that the error was harmless for the following reasons. First, the erroneously admitted language — "consistent

with her disclosures" — was but a small portion of the doctor's entire testimony, the rest of which properly educated the jury about the significance of a lack of physical evidence in sexual abuse cases. Second, the language, though improper, was close to the line of what is permissible in sexual abuse cases, and was not so prejudicial as improper testimony on patterns of disclosure, which goes directly to the victim's truthfulness. See *Commonwealth* v. *Colon*, 49 Mass. App. Ct. 289, 292-293 (2000). Third, the Commonwealth did not highlight the improper language in its closing argument. Fourth, the defendant used the remainder of the doctor's testimony to his advantage, both on cross-examination and in his closing argument, by placing significant emphasis upon the doctor's statement that the examination disclosed no evidence of penetration. Finally, the testimony of the child witness was detailed and compelling. In the circumstances, the jury could not have been "substantially swayed" by the few improvidently spoken words in the doctor's otherwise appropriate testimony. See *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 445 (1983).

The defendant also argues that the judge should have excluded the doctor's testimony on the basis of surprise, materiality, prejudice, and bad faith. However, the defendant should have known the substance of the doctor's testimony in advance because he had been provided a copy of the doctor's examination report. Furthermore, the prosecutor made repeated references to the anticipated expert testimony during voir dire of the jury, and defense counsel, in his opening statement, told the jury, "You are also going to hear some medical testimony, I expect, that is going to raise some doubt as to whether or not these events actually occurred." In the circumstances, the defendant has not shown that he was surprised by the doctor's testimony.

The defendant's argument that the judge did not qualify Dr. Otterman as an expert is similarly unavailing. The judge is not required to hold a voir dire before qualifying an expert, see *Commonwealth* v. *Ruiz*, 442 Mass. 826, 834 (2004), and the judge's determination may be inferred from the record. *Commonwealth* v. *Boyd*, 367 Mass. 169, 183 (1975). Accordingly, we conclude that the judge's implicit qualification of the doctor

as an expert was proper, based upon the doctor's testimony as to his training and experience and the judge's rulings on defense counsel's objections.[2] Furthermore, the failure of the judge to issue an unrequested instruction on expert testimony was not error.[3] Failure to issue such an instruction is error "only when the judge expressly leaves the matter to the jury," and such was not the case here. See *Leibovich* v. *Antonellis*, 410 Mass. 568, 572 (1991).

3. *Ineffective assistance of counsel.* The defendant argues that trial counsel should have expected expert testimony from the Commonwealth's witness and should have requested funds to engage an expert. We are not persuaded. Without speculating as to the testimony a defense expert could have provided, see *Commonwealth* v. *Horton*, 434 Mass. 823, 834 (2001) ("[u]n-supported speculation about possible expert evidence fails to sustain" ineffective assistance claim), we note that the defendant's trial counsel vigorously cross-examined the Commonwealth's expert and used the elicited testimony in his closing argument. We conclude that his representation was not ineffective. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

4. *Voir dire on competency of the victim.* The defendant argues that the judge erred by not holding a voir dire on the competency of the victim because of her age. However, age is not the entire test for competency, see *Commonwealth* v. *Bergstrom*, 402 Mass. 534, 540 n.7 (1988); *Commonwealth* v. *Gamache*, 35 Mass. App. Ct. 805, 806 (1994), and the record discloses no evidence or argument as to why this particular eleven year old victim was not competent to testify. The judge did not rule on the motion, and the defendant did not object when the victim was called as a witness. A judge has broad discretion to determine whether a witness is competent. See *Commonwealth*

---

[2]The doctor's testimony about his qualifications followed his substantive testimony. Although unusual, the order of questioning does not seem to have exacerbated the effect on the defendant of the other issues we address here.

[3]The defendant argues that the judge should have instructed the jury that they are permitted to discount or disbelieve an expert's testimony. See *Commonwealth* v. *Richardson*, 423 Mass. 180, 184-185 (1996).

v. *Lamontagne*, 42 Mass. App. Ct. 213, 218-219 (1997). The judge did not abuse his discretion in allowing the victim to testify, and trial counsel was not ineffective for failing to renew an objection that had dubious merit. See *Commonwealth* v. *Horton*, 434 Mass. at 834.

5. *Fresh complaint testimony.* The defendant argues that a Department of Social Services (department) worker (social worker), testifying as a fresh complaint witness, vouched for the credibility of the victim.[4] The defendant raised a timely objection. Fresh complaint testimony is "an out-of-court [statement] seasonably made by the victim after a sexual assault" and is "admissible only to corroborate the complainant's testimony." *Commonwealth* v. *Licata*, 412 Mass. 654, 657 (1992). The social worker's testimony, aside from confirming that the victim made a statement about the alleged abuse, also included background information about the social worker's duties and how she became involved in the case. That background testimony was permissible to set the stage and was properly admitted. See *Commonwealth* v. *Cohen*, 412 Mass. 375, 393 (1992). However, the social worker also testified about subsequent steps the department took to investigate the allegations of abuse and seek custody of the victim. Although that testimony went beyond stage setting and should not have been admitted, see *ibid.*, it was not an opinion on the victim's credibility and cannot be considered improper vouching. See *Commonwealth* v. *Halsey*, 41 Mass. App. Ct. 200, 204 (1996). Contrast *Commonwealth* v. *Colin C.*, 419 Mass. 54, 61 (1994). Moreover, the defendant has not provided, nor do we discern, sufficient basis for concluding that prejudice to the defendant resulted from admission of the

---

[4]The Supreme Judicial Court recently reconsidered the scope of the fresh complaint rule and announced substantial changes to the doctrine. See *Commonwealth* v. *King*, 445 Mass. 217, 241-248 (2005), cert. denied, 126 S. Ct. 1433 (2006). In its new formulation the doctrine allows for one "first complaint" witness testifying to the fact and details of the complainant's first disclosure of sexual abuse, and broadens the scope of permissible testimony to include background about the circumstances in which that disclosure was made. The changes to the doctrine apply "prospectively to only those sexual assault cases tried after the issuance of the rescript in [the *King*] opinion," *id.* at 248, and we therefore analyze the defendant's claim on the basis of the fresh complaint doctrine as it existed at the time of trial.

testimony. See *Commonwealth* v. *Vinnie*, 428 Mass. 161, 163, cert. denied, 525 U.S. 1007 (1998).

*Judgments affirmed.*