DITKOFF, J.
*709 The defendant, Steven Bouley, appeals from his *710 conviction by a District Court jury of operating a vehicle under the influence of drugs (OUI), G. L. c. 90, § 24(1)(a )(1), second offense, following a single-car accident.[1] A responding emergency medical technician (EMT)[2] testified that, in his opinion, the defendant was actively overdosing at the scene of the accident, and this testimony was corroborated by the observations of a responding police officer and the defendant's admission to having taken fentanyl. We conclude that the jury could convict the defendant without additional proof as to the amount or concentration of narcotics in the defendant's system or expert testimony regarding how that amount or concentration would impair a defendant's ability to operate a vehicle safely. Concluding as well *1249 that the trial judge's implicit qualification of the EMT as an expert was proper and that the trial record does not set forth the factual basis for a claim of ineffective assistance of counsel, we affirm.
1. Background. At approximately 9:00 P.M. on May 24, 2015, a Lawrence police officer and an EMT affiliated with Lawrence General Hospital responded to the scene of a single-car accident at an intersection in Lawrence. The officer arrived less than five minutes after the accident was reported, observing that the vehicle appeared to have struck a fire call box on the side of the road and rolled back into the intersection. The defendant was hanging partially out of the vehicle with his feet inside the open driver's side door and his body lying face-up on the street.
The defendant was unconscious, with pinpoint pupils, and was barely breathing as the EMT and other paramedics arrived. A fireman gave the defendant a sternal rub, but the defendant could not be resuscitated. Based on his observation of the defendant and his experience in responding to hundreds of drug overdoses in over eighteen years as a certified paramedic, the EMT believed the defendant was actively overdosing. Following his training, the EMT administered Narcan, an emergency medication used to treat opioid overdoses. The EMT testified that Narcan serves no medical purpose other than to bind to opioids in a person's system and allow the body to restore natural respiration, and that it would not revive a person who was not breathing as a result of *711 any other condition. The defendant responded to the Narcan immediately; his pupils dilated, he began breathing normally, and he awoke in an agitated state. The EMT stated all of the defendant's signs and symptoms -- including his response to the Narcan -- were consistent with an overdose caused by ingesting opioid narcotics.
The defendant, now awake and alert, spoke with the EMT and the police officer, responding appropriately and coherently to questions. He admitted to the EMT that he had taken fentanyl, a synthetic opioid painkiller, and he told the officer he owned the vehicle and was driving at the time of the accident. The defendant, however, said he believed the accident was caused by malfunctioning because of recent repairs to the car's drive shaft.[3]
The defendant also said he hit his head, and there was a slight red mark on his forehead, but there was no sign of a concussion, brain trauma, or any other injury to the defendant. The accident did not appear particularly severe or life-threatening, and there was no evidence of any internal impact or trauma that would have impaired the defendant's breathing.
After the defendant was taken to the hospital, the officer conducted an inventory search of the vehicle. He found a needle and syringe on the driver's seat floor -- items commonly used to ingest narcotics.[4]
The defendant was tried for OUI by a District Court jury. During the trial, the judge denied the defendant's motions for a required finding of not guilty both at the close of the Commonwealth's case and at the close of all the evidence. The jury convicted the defendant.
2. Sufficiency of the evidence. "When reviewing the denial of a motion for *1250 a required finding of not guilty, 'we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 133, 99 N.E.3d 821 (2018), quoting from Commonwealth v. Oberle, 476 Mass. 539, 547, 69 N.E.3d 993 (2017). "The inferences that support a conviction ' *712 need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303, 58 N.E.3d 1070 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713, 1 N.E.3d 762 (2014). This determination, moreover, "is to be measured upon that which was admitted in evidence without regard to the propriety of the admission." Commonwealth v. Sepheus, 468 Mass. 160, 164, 9 N.E.3d 800 (2014), quoting from Commonwealth v. Farnsworth, 76 Mass. App. Ct. 87, 98, 920 N.E.2d 45 (2010).
To prove the crime of operating a motor vehicle under the influence of a narcotic drug under G. L. c. 90, § 24(1)(a )(1), the Commonwealth was required to establish that the defendant (1) physically operated a vehicle; (2) on a public way; (3) while under the influence of a narcotic drug. See Commonwealth v. Ferola, 72 Mass. App. Ct. 170, 172-173, 889 N.E.2d 436 (2008) ; Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392, 75 N.E.3d 638 (2017). The defendant here contests only the final element, which is established by showing that the use of a narcotic drug resulted in the "impairment, to any degree, of an individual's ability to safely perform the activity in question." Commonwealth v. Veronneau, 90 Mass. App. Ct. 477, 479, 60 N.E.3d 1175 (2016).
Temporarily setting aside whether the EMT's testimony was properly admitted (an issue we address, infra ), see Sepheus, 468 Mass. at 164, 9 N.E.3d 800, the evidence was sufficient to prove the defendant's guilt beyond a reasonable doubt. The jury heard testimony from an EMT who was a certified paramedic, experienced in hundreds of drug overdoses, that, shortly after exhibiting the classic symptoms of an opioid overdose and being resuscitated by medication exclusively used for treating opioid overdoses, the defendant admitted to having taken fentanyl. See Gallagher, 91 Mass. App. Ct. at 390-392, 75 N.E.3d 638 (affirming OUI conviction where defendant admitted to consuming alcohol and "exhibited classic symptoms of alcohol intoxication"). It is undisputed, moreover, that the defendant was found in that condition outside of the driver's seat of a car he admitted to driving only minutes after it crashed into a call box on the side of the road. See Commonwealth v. Reynolds, 67 Mass. App. Ct. 215, 219, 852 N.E.2d 1124 (2006) (jury may infer impairment by intoxicating substance from "the manner in which the accident occurred, and the defendant's conduct ... immediately after the collision"). This evidence was corroborated by testimony from an experienced police officer, who also collected a needle and syringe from the driver's seat floor of the defendant's vehicle.
Considering that the defendant was unconscious and barely breathing at the scene of the accident, the jury could reasonably *713 infer that whatever amount of fentanyl he took was sufficient to impair his capacity to operate the car safely. See Commonwealth v. AdonSoto, 475 Mass. 497, 510, 58 N.E.3d 305 (2016) ("slurred speech" and "unsteadiness when standing"); Gallagher, 91 Mass. App. Ct. at 392-393, 75 N.E.3d 638 ("classic symptoms" of intoxication). See also Reynolds, 67 Mass. App. Ct. at 219-220, 852 N.E.2d 1124 (evidence *1251 of accident, defendant's appearance thereafter, and admission to taking narcotics supported inference that defendant's ability to drive safely was impaired at the time).
Contrary to the defendant's contention, this case is not like Commonwealth v. Shellenberger, 64 Mass. App. Ct. 70, 831 N.E.2d 375 (2005). There, the defendant operated a van at excessive speed, passed vehicles in a no-passing zone, and ultimately caused a fatal crash. Id. at 71-72, 831 N.E.2d 375. The Commonwealth relied upon hospital records showing that the defendant tested positive for amphetamines to argue that the defendant's use of amphetamines made her operation negligent.[5] Id. at 73-74, 831 N.E.2d 375. We reversed, as "the amphetamine theory of criminal liability ... lacked evidentiary foundation -- both by way of any evidence concerning the concentration of amphetamines in the defendant's system as well as any expert evidence concerning the effect of such substances on her ability to drive." Id. at 75-76, 831 N.E.2d 375. In short, the mere fact that the defendant had amphetamines in her system was not a proper basis for an argument that the amphetamines impaired her ability to drive.
Here, by contrast, there is much more than the mere presence of an opioid in the defendant's system. The defendant had enough fentanyl in his system to render him unconscious and barely capable of breathing, much less operating a motor vehicle. He admitted to using fentanyl, responded to Narcan in a manner consistent with an overdose, and had struck a fire call box with his motor vehicle. Thus, the evidence before the jury was sufficient to allow the jury to conclude that the defendant had consumed an excessive amount of fentanyl and that the fentanyl affected his ability to operate a motor vehicle. Shellenberger requires that these factors be demonstrated to show impairment caused by drug use; it is not necessary that they be demonstrated by expert medical testimony.
*714 3. Admissibility of the evidence. We now turn to whether the trial judge properly allowed the EMT to testify that, in his opinion, the defendant was overdosing on narcotics at the scene of the accident.[6] "[D]eterminations as to the admissibility of evidence lie 'within the sound discretion of the trial judge,' " Commonwealth v. Bins, 465 Mass. 348, 364, 989 N.E.2d 404 (2013), quoting from Commonwealth v. Jones, 464 Mass. 16, 19-20, 979 N.E.2d 1088 (2012), an abuse of which "occurs only where the judge makes 'a clear error of judgment in weighing' the factors relevant to the decision ..., such that the decision falls outside the range of reasonable alternatives." Commonwealth v. Keown, 478 Mass. 232, 242, 84 N.E.3d 820 (2017), quoting from L.L. v. Commonwealth, 470 Mass. 169, 185 n.27, 20 N.E.3d 930 (2014). We discern no such abuse of discretion here.
"The judge is not required to hold a voir dire before qualifying an expert, and the judge's determination may be inferred from the record." Commonwealth v. Calderon, 65 Mass. App. Ct. 590, 593, 842 N.E.2d 986 (2006) (citation omitted). A *1252 judge may implicitly qualify an experienced, certified EMT as an expert, and "[i]t was not necessary for the judge expressly to qualify [the EMT] as an expert." Commonwealth v. Ruiz, 442 Mass. 826, 834, 817 N.E.2d 771 (2004). Here, the testifying EMT was a certified paramedic with over eighteen years of experience. He had responded to hundreds of calls in which an individual was suspected of having overdosed. He had received training in treating overdoses with Narcan. Accordingly, the judge acted within his discretion in implicitly qualifying the EMT as an expert and allowing him to offer an opinion about the defendant's overdosing. See ibid. ; Commonwealth v. Phillips, 452 Mass. 617, 636 n.13, 897 N.E.2d 31 (2008).
Furthermore, on balance, the EMT's opinion was not unfairly prejudicial against the defendant, as this case does not present the "danger posed by a witness,... offering an opinion regarding a defendant's guilt '[where] the jury might forego independent analysis of the facts and bow too readily to the opinion of an expert or otherwise influential witness.' " Commonwealth v. Canty, 466 Mass. 535, 542-543, 998 N.E.2d 322 (2013), quoting from Commonwealth v. LaCorte, 373 Mass. 700, 705, 369 N.E.2d 1006 (1977). Rather, independent of the challenged opinion, there was evidence that the defendant (1) admitted to taking fentanyl ; (2) was found at the scene of an accident; (3) unresponsive and barely breathing; (4) until *715 revived by a widely-known opioid antidote; (5) outside a vehicle he admitted to driving and which contained a needle and syringe near the driver's seat. The jury thus had ample evidence with which to evaluate the weight and persuasiveness of the EMT's opinion. Compare Gallagher, 91 Mass. App. Ct. at 389-390, 75 N.E.3d 638 ("in view of the whole case, the prejudice flowing from [opinion as to defendant's impairment] would be relatively modest given what must have been obvious to the jury"), with Shellenberger, 64 Mass. App. Ct. at 76-77, 831 N.E.2d 375 ("the evidence of the mere presence of [narcotics] cannot justify the verdict and the supplemental theory of proof advanced by the Commonwealth"). In sum, we see no abuse of discretion in the trial judge's admission of the EMT's testimony that, in his opinion, the defendant experienced an opioid-induced overdose.
4. Ineffective assistance of counsel. Pretermitting the first prong of Commonwealth v. Saferian, 366 Mass. 89, 96, 315 N.E.2d 878 (1974), there is no evidence in the trial record to support the claim that counsel's conduct "likely deprived the defendant of an otherwise available, substantial ground of defence[.]" Commonwealth v. Navarro, 474 Mass. 247, 254, 49 N.E.3d 665 (2016), quoting from Saferian, supra. On direct appeal, assertions of ineffective assistance succeed "only where 'the factual basis of the ... claim appears indisputably on the trial record.' " Commonwealth v. Diaz, 448 Mass. 286, 289, 860 N.E.2d 665 (2007), quoting from Commonwealth v. Zinser, 446 Mass. 807, 811, 847 N.E.2d 1095 (2006). Crucially, "[a] claim of ineffective assistance of counsel for failure to call an expert witness is generally doomed where '[t]he defendant's claim is not supported by any affidavits' to disclose the content of the omitted expert testimony." Commonwealth v. Alicea, 464 Mass. 837, 850-851, 985 N.E.2d 1197 (2013), quoting from Commonwealth v. Morales, 461 Mass. 765, 785, 965 N.E.2d 177 (2012). Accord Commonwealth v. Seino, 479 Mass. 463, 474, 96 N.E.3d 149 (2018).
The defendant here provided no affidavit describing how expert testimony would have demonstrated the accident was caused by mechanical issues, nor does the *1253 record before us otherwise suggest such testimony could have assisted the defendant's case in any meaningful way given the evidence against him. See Commonwealth v. Belliveau, 76 Mass. App. Ct. 830, 836, 927 N.E.2d 496 (2010), quoting from Saferian, 366 Mass. at 96, 315 N.E.2d 878 ("Regardless, given the overwhelming evidence of his intoxication, it certainly did not 'deprive[ ] the defendant of an otherwise available, substantial *716 ground of defence' "). This claim fails as a result. See Alicea, 464 Mass. at 851, 985 N.E.2d 1197.
Judgment affirmed.

The defendant pleaded guilty to the second offense portion of the complaint and, in addition, did not contest two civil infractions: a marked lanes violation under G. L. c. 89, § 4A, and a miscellaneous motor vehicle equipment violation, G. L. c. 90, § 7.

The EMT had additional training as a paramedic.

The police officer testified that the vehicle tires were bald and that "it shouldn't have probably been on the road," but he did not observe any mechanical issue with the motor vehicle.

The officer had twenty-four years of experience in law enforcement, including over fifty investigations of persons suspected of being under the influence of narcotics.

The prosecution in Shellenberger was for motor vehicle homicide by negligent operation. See G. L. c. 90, § 24G(b ). The Commonwealth did not charge the defendant with operating under the influence or with motor vehicle homicide by operation under the influence. Shellenberger, 64 Mass. App. Ct. at 71, 831 N.E.2d 375.

The defendant properly conceded at oral argument that the police officer did not testify that the defendant was overdosing, and makes no other challenge to the officer's testimony.