CORDEIRO, COMMONWEALTH vs., 102 Mass. App. Ct. 211

 
 COMMONWEALTH vs. DAVID J. CORDEIRO, JR.

102 Mass. App. Ct. 211
 September 12, 2022 - January 20, 2023

Court Below: District Court, New Bedford Division
Present: Neyman, Ditkoff, & Hershfang, JJ.

 

No. 22-P-65.

Motor Vehicle, Operation, Operating under the influence, License to operate. Controlled Substances. Appeals Court, Jurisdiction. Notice. Probable Cause. 

A District Court judge did not abuse his discretion in orally extending the time for the Commonwealth to appeal the dismissal of three criminal offenses, where nothing in Mass. R. A. P. 4 required that the Commonwealth's motion to extend include a certificate of service or that the judge endorse the motion in writing. [214-216]

This court concluded that an application for a criminal complaint charging motor vehicle offenses provided sufficient facts to establish probable cause that the defendant operated the motor vehicle involved in an accident, where the defendant was the only person present, the passenger's side floor board was dry while the driver's side floor board was wet on a day that was raining heavily, the defendant admitted to a State police trooper that he was overdosing at the time, and his cell phone, wallet, and identification were found in the vehicle. [216-217]

Complaint received and sworn to in the New Bedford Division of the District Court Department on June 14, 2021. 

 A motion to dismiss was heard by Douglas J. Darnbrough, J., and a motion to extend the time for appeal was heard by Joseph P. Harrington, J. 

 Stephen C. Nadeau, Jr., Assistant District Attorney, for the Commonwealth.

 Suzanne Renaud for the defendant.

 DITKOFF, J. The defendant, David J. Cordeiro, Jr., was charged in the District Court with operating a motor vehicle under the influence of narcotic drugs, G. L. c. 90, § 24 (1) (a) (1); negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a); operating a motor vehicle after a license suspension, G. L. c. 90, § 23; and possession of heroin, G. L. c. 94C, § 34. A judge dismissed the motor vehicle charges on the ground that the application for a criminal complaint failed to establish probable cause of operation.

 Page 212 

 The Commonwealth missed the deadline to appeal, and a different District Court judge orally allowed the Commonwealth's motion for an extension of time to appeal, without endorsing the Commonwealth's motion. We conclude that such an oral order is adequate to provide us with appellate jurisdiction over this appeal. Further concluding that the application provided sufficient facts to warrant a person of reasonable caution in believing that the defendant operated the motor vehicle in question, we reverse.

 1. Background. a. The accident. On Saturday, June 12, 2021, an "extremely rainy" day, a State trooper responded to a call that an individual needed assistance changing a tire. The trooper observed a motor vehicle with extensive damage in the breakdown lane and the defendant unconscious on the ground with his head "resting between the front bumper and the driver's side wheel well." The trooper called for medical assistance and then dragged the defendant to the relative safety of the guardrail.

 The defendant grunted and his eyes fluttered in a manner that the trooper recognized as "consistent with an individual overdosing." The trooper asked the defendant whether he was overdosing, and the defendant nodded. The defendant then seemed to drift in and out of consciousness while the trooper tried to assist him and other troopers arrived at the scene.

 After approximately ten minutes, the defendant said he "didn't know what the fuck was going on" and tried to break through the surrounding troopers. Concerned that the defendant would enter the roadway in his intoxicated state, the troopers physically restrained him.

 A second trooper went to the motor vehicle and observed multiple pills in the center console, a glass smoking pipe with black residue on the floor, and a white powdery substance that he believed to be heroin. The vehicle also contained the defendant's identification, wallet, and cell phone. The first trooper observed that "[t]he driver's seat was adjusted to the proper dimensions including distance to accommodate [the defendant's] stature." He also observed "the passenger seat floor board to be dry, compared to the driver's side floor board which was wet (dark wet spots consistent with a wet imprint)."

 When emergency medical services arrived, the defendant told a medic that he had taken four Vicodin. After he was transported to the hospital, the defendant's girlfriend (and owner of the vehicle) 

 Page 213 

appeared at the hospital. [Note 1] She informed the trooper that the defendant "must have taken her car in the morning" and had probably met up with his drug dealer.

 After the defendant was medically cleared, he was transported to the State police barracks for booking. While in the cruiser, he "was extremely confused" and stated that he did not understand what had happened or how the vehicle had suffered so much damage. He stated that he "must have hit something" and "he 'believed he briefly, remembered' a tractor trailer tire hitting the left side of the car."

 During the booking process, the defendant stated that "he was not driving the vehicle and that one of his friends that he was with must have taken off leaving him in the roadway while he was inspecting damage." He also stated that the items seized from the vehicle "were either left behind or planted by his friend." The State police had not received any calls for a pedestrian on the roadway at the time of the accident. The defendant was issued a citation for the motor vehicle offenses.

 Afterwards, the defendant contacted the trooper and stated that his friend "Blue" "had crashed his car into a guardrail and that he had taken off after the incident."

 b. Procedural history. On Monday, June 14, 2021, a criminal complaint issued charging the defendant with the three motor vehicle offenses and with possession of heroin. The defendant filed a motion to dismiss the motor vehicle offenses for want of probable cause. See Commonwealth v. DiBennadetto, 436 Mass. 310, 313 (2002). At the hearing on August 31, 2021, the defendant argued that the application for complaint failed to "establish probable cause that [the defendant] was ever operating the vehicle." A judge (first judge) took the matter under advisement and suggested that he would rule later that day. The case was continued until October 5, 2021.

 On August 31, 2021, the first judge allowed the motion as to the motor vehicle counts, endorsing it, "After hearing, motion is allowed." For reasons that are not evident, the district attorney's office did not receive notice of the order.

 On October 4, defense counsel notified the prosecutor by e-mail that the motion had been allowed. On October 5, the 

 Page 214 

Commonwealth filed a motion to extend the time to file a notice of appeal. At the hearing that day before a second judge, the prosecutor informed the judge of her motion. The judge stated, "That's fine, you guys can appeal it." He noted, "I've had this conversation with the Clerk's Office. I don't know why you guys don't get copies . . . in your email or something like that."

 When the clerk asked how to docket the motor vehicle counts, the second judge confirmed that the docket should reflect that "the Commonwealth's rights to appeal are preserved." The clerk duly noted that on the docket: "Com. to appeal, rights are preserved."

 The defendant then pleaded guilty to possession of heroin. The tender of plea form reflected that the parties agreed that the defendant would receive sixty-five days in a house of correction, deemed served. [Note 2] The form also reflected that the motor vehicle charges were dismissed and the Commonwealth's "rights to appeal [motion] to dismiss are preserved." When the second judge imposed the agreed-upon sentence, he also stated "that the Commonwealth's rights to appeal at this point are preserved as they just got the notice of the decision yesterday." The next day, the Commonwealth filed a notice of appeal.

 2. Appellate jurisdiction. To appeal an order of dismissal, the Commonwealth must file a notice of appeal "within thirty days of the date of entry of the order being appealed." Mass. R. Crim. P. 15 (b) (1), as amended, 476 Mass. 1501 (2017). Under Mass. R. A. P. 4 (c), as appearing in 481 Mass. 1606 (2019), the trial court judge has the authority to extend that period by another thirty days "[u]pon a showing of excusable neglect." See Commonwealth v. Jordan, 469 Mass. 134, 141-142 (2014). "Such an extension may be granted before or after the time otherwise prescribed by this rule has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with service upon all other parties." Mass. R. A. P. 4 (c).

 Here, the request for an extension was first made on October 5, after the original time to appeal had ended. In accordance with Mass. R. A. P. 4, the Commonwealth filed a written notice to extend the time. Contrary to the defendant's suggestion, nothing in rule 4 required that the motion include a certificate of service. Certificates of service, although certainly prudent where the 

 Page 215 

timing of service matters, are not generally required in the District Court (although service itself is required). See Mass. R. Crim. P. 32, as amended, 476 Mass. 1501 (2017). Contrast Mass. R. A. P. 13 (d), as appearing in 481 Mass. 1624 (2019) (requiring certificates of service for all Appeals Court pleadings); Dist./Mun. Cts. R. A. D. A. 13 (d) (same requirement for Appellate Division pleadings). Cf. Braxton v. Boston, 96 Mass. App. Ct. 714, 716 n.6 (2019) (in absence of certificate of service, court could "not know whether it was drafted and mailed to the court before new counsel appeared"). Nothing in the record suggests, nor does the defendant argue, that the motion was not actually served on defense counsel.

 Although Mass. R. A. P. 4 (c) requires a written motion to extend under these circumstances, nothing in the rule requires the judge to endorse the motion in writing. Here, the judge stated three times on the record that he was allowing the request for an extension. He also signed the plea tender sheet, which stated that the Commonwealth's rights to appeal the dismissals "are preserved," and directed the clerk to mark on the docket that "the Commonwealth's rights to appeal are preserved." This is adequate proof that the judge allowed the extension, even in the absence of a written endorsement. Cf. Northeast Line Constr. Corp. v. J.E. Guertin Co., 80 Mass. App. Ct. 646, 651 (2011), quoting Washington Nat'l Bank v. Williams, 190 Mass. 497, 503 (1906) ("[e]very [docket] entry is a statement of the act of the court, and must be presumed to be made by its direction").

 The defendant's theory that the judge denied or ignored the written motion but then improperly allowed an oral motion to extend the time to appeal is unpersuasive. Besides elevating form over substance, see Commonwealth v. Holley, 478 Mass. 508, 530 (2017), this theory is implausible. The second judge granted the enlargement after the Commonwealth filed its written motion and brought that motion to the judge's attention. Once the Commonwealth's request was "made by motion with service upon all other parties," thus satisfying the purpose of putting the opposing party on notice, the judge had the authority to grant the extension. Mass. R. A. P. 4 (c). Accordingly, we have appellate jurisdiction over this appeal.

 To the extent that the defendant is arguing that the second judge erred in extending the time to appeal, the defendant neither appealed that order nor moved to dismiss the appeal. The issue, therefore, is not before us. See Commonwealth v. Linhares, 

 Page 216 

 80 Mass. App. Ct. 819, 823 (2011). In any event, contrary to the defendant's claim, failure of notice is not categorically excluded as a basis for a finding of excusable neglect. Rather, "failure of notice may or may not establish excusable neglect, depending on whether the party or attorney acted with diligence." Howard v. Boston Water & Sewer Comm'n, 96 Mass. App. Ct. 119, 122 n.12 (2019). Accord Troy Indus., Inc. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 580, 583 (2010) (within single justice's discretion to find excusable neglect based on lack of notice where appellant "did not remain unconcerned for an unreasonable duration"). Here, where the Commonwealth missed the deadline by four days and the judge expressed his concern about the clerk's office's notification practices, we discern no abuse of discretion in the second judge's decision. See Stephens v. Global NAPs, 70 Mass. App. Ct. 676, 682 (2007).

 3. Probable cause. "[A] motion to dismiss a complaint [for lack of probable cause] 'is decided from the four corners of the complaint application, without evidentiary hearing.'" Commonwealth v. Geordi G., 94 Mass. App. Ct. 82, 84 (2018), quoting Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013). "Probable cause is a 'considerably less exacting' standard than that required to support a conviction at trial." Commonwealth v. Stirlacci, 483 Mass. 775, 780 (2020), quoting Commonwealth v. O'Dell, 392 Mass. 445, 451 (1984). "It requires 'sufficient facts to warrant a person of reasonable caution in believing that an offense has been committed,' not proof beyond a reasonable doubt." Commonwealth v. Reyes, 98 Mass. App. Ct. 797, 801 (2020), quoting Stirlacci, supra. "As the issue of probable cause presents a question of law, we review the motion judge's determination de novo." Commonwealth v. Ilya I., 470 Mass. 625, 627 (2015).

 The defendant moved to dismiss solely on the ground that there was inadequate probable cause that he operated the motor vehicle prior to the accident. [Note 3] The defendant here was the only person present with the damaged motor vehicle. The defendant admitted to the trooper that he was overdosing when the trooper found him. See Commonwealth v. Bouley, 93 Mass. App. Ct. 709, 712-713 

 Page 217 

(2018) (evidence that defendant was overdosing sufficient to establish impaired capacity to operate vehicle safely). The defendant's cell phone, wallet, and identification were in the vehicle. The owner of the vehicle, the defendant's girlfriend, told the police that the defendant "must have taken her car in the morning" and likely had met up with his drug dealer. This evidence was adequate to warrant a person of reasonable caution in believing that the defendant had operated the vehicle. See Commonwealth v. Congdon, 68 Mass. App. Ct. 782, 783 (2007) (sufficient evidence to prove operation under more stringent beyond reasonable doubt standard where "[t]here was no other person in the vicinity" and defendant was approaching vehicle from short distance).

 The defendant's later statement to the police that his friend "Blue" had been driving the vehicle and then fled did not eliminate the probable cause. In determining probable cause, a defendant's uncorroborated, self-serving statements may be discounted, as a person of reasonable caution would take such statements with some skepticism. See Commonwealth v. Melendez, 490 Mass. 648, 658-659 (2022) (probable cause that defendant committed crime despite defendant's exculpatory statement to police). Furthermore, the officer's observations rebutted the defendant's story. "The driver's seat was adjusted to the proper dimensions including distance to accommodate [the defendant's] stature." It was raining heavily, and the driver's side floor board was wet, while the passenger's side floor board was dry. Despite the report of the defendant's disabled vehicle, there was no report of a pedestrian on the roadway. As these facts are inconsistent with the existence of a second person, probable cause remained despite the defendant's story.

 Finally, the defendant told the police that he "must have hit something" and that he remembered a tractor trailer tire hitting the left side of the vehicle. Even taking into account the defendant's uneven state of mind in light of his intoxication and involvement in a car crash, these statements added to the indicia of probable cause. See Commonwealth v. Colon, 449 Mass. 207, 218, cert. denied, 552 U.S. 1079 (2007). Accordingly, the application for a criminal complaint provided sufficient facts to warrant a person of reasonable caution in believing that the defendant had operated the vehicle at the relevant time.

 4. Conclusion. The order allowing the motion to dismiss the 

 Page 218 

three motor vehicle offenses is vacated, and the charges are reinstated.

 So ordered.

FOOTNOTES
[Note 1] During the pendency of this matter, the defendant was charged with aggravated assault and battery on the girlfriend, and his bail was revoked. After the disposition of this case, that prosecution was eventually dismissed for want of prosecution. 

[Note 2] The guilty plea terminated the bail revocation order. See Commonwealth v. Pagan, 445 Mass. 315, 320 (2005). 

[Note 3] All three of the dismissed charges require proof that the defendant was operating a motor vehicle. See Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 219 (2019); Commonwealth v. Bouley, 93 Mass. App. Ct. 709, 712 (2018); Commonwealth v. Royal, 89 Mass. App. Ct. 168, 170 (2016). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.