NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-662

COMMONWEALTH

vs.

DEN TRIEU.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Den Trieu, was convicted of operating a motor vehicle under the influence of alcohol (OUI), in violation of G. L. c. 90, § 24 (1) (a) (1), after a jury-waived trial. In the subsequent offender trial that immediately followed, the judge found that the Commonwealth failed to carry its burden of proving the prior OUI offense. On appeal from the OUI conviction, the defendant argues that the evidence was insufficient and that a hospital record was admitted in error. We affirm.

1. Sufficiency of the evidence. Under the familiar standard of Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), we view the evidence in the light most favorable to the Commonwealth to determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable

doubt.  See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017); Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 351 (2015).  The defendant does not contest that he operated a motor vehicle on a public way; he challenges only the evidence that his ability to drive was impaired by the consumption of alcohol. See Commonwealth v. Connolly, 394 Mass. 169, 173 (1985); Gallagher, supra.

In finding the defendant guilty, the judge specifically relied on the State trooper's observations of the defendant. The trooper's observations included that when she was dispatched to the accident scene and found the defendant, he was sitting in the driver's seat of his heavily damaged car with the airbags deployed, "just staring straight ahead."  The car was still in drive, and the defendant appeared "extremely confused," "[v]ery disoriented," and minimally responsive.  There was an odor of alcohol, the defendant's eyes were bloodshot and glassy, and his speech was "very slurred and thick-tongued."  When he was assisted from his car to an ambulance, he had difficulty walking and was "unsteady on his feet."  The judge, as trier of fact, properly relied on these "classic symptoms of alcohol intoxication."  Gallagher, 91 Mass. App. Ct. at 392.  See Commonwealth v. AdonSoto, 475 Mass. 497, 510 (2016) (police officer's testimony of "odor of alcohol coming from the defendant, slurred speech, unsteadiness when standing, and

glassy eyes" supported "finding of impaired driving").  The judge could also rely on the trooper's lay opinion that the defendant was "drunk."  See Commonwealth v. Canty, 466 Mass. 535, 544 (2013) (lay witness may offer "opinion regarding a defendant's level of sobriety or intoxication" so long as she does not opine on ultimate issue).

The judge also considered "the nature of this accident" and the defendant's "admission with regard to consuming alcohol." As to the former, the accident occurred in the early morning hours and involved two cars, both of which were heavily damaged. The fact that the defendant was involved in an accident is probative evidence that he was impaired by alcohol.  See Commonwealth v. Marley, 396 Mass. 433, 442 (1985); Commonwealth v. Bouley, 93 Mass. App. Ct. 709, 712 (2018).  As to the latter, the defendant admitted that he had consumed "a shot and a beer" earlier in the evening.  The evidence was sufficient to sustain the Commonwealth's burden.

2.  Hospital record.  The judge admitted in evidence one page of the defendant's hospital record, which included under the heading "Clinical Course," the notation, "Patient was allowed to sober up in the ED and then reevaluated."[1]  The

---

[1] Contrary to the suggestion in the defendant's brief, the page of the record with the notion "possible ETOH" was not admitted.

3

defendant objected that the records were not related to treatment or diagnosis and contained multiple levels of hearsay. On appeal, however, the defendant argues for the first time that the hospital record was testimonial hearsay, inadmissible under Crawford v. Washington, 541 U.S. 36 (2004). We need not belabor the standard of review for this claim, because it is without merit. The primary purpose of the challenged notation was to assess the defendant's condition to determine the appropriate course of treatment, not to create a substitute for trial testimony. See Commonwealth v. Wardsworth, 482 Mass. 454, 464 & n.18 (2019). As such, it was not "testimonial" within the meaning of Crawford and its progeny. See Commonwealth v. Irene, 462 Mass. 600, 617-618 (2012); Commonwealth v. Dyer, 77 Mass. App. Ct. 850, 854 (2010).

Judgment affirmed.

By the Court (Vuono, Massing & Toone, JJ.[2]),

Assistant Clerk

Entered: May 1, 2024.

---

[2] The panelists are listed in order of seniority.

4